## L. M. HOPPER AND WIFE v. DAVID JUSTICE.

*Correction of Deeds—Code—Lost Records—Parol Evidence.*

1. It is not proper to correct by parol testimony a certified copy of a deed as recorded by showing that the original, which was lost, had a different description.

2. *The Code*, § 1266, provides for the correction of errors in registration by petition, and proceedings wherein interested persons and adjoining land holders are made parties, and in such cases the statutory proceeding is exclusive.

3. The statutory method of restoring lost records (*The Code*, § 55 *et seq.*) does not exclude *parol* proof of their contents, which is then the best evidence the nature of the case affords.

4. Section 1251 of *The Code*, providing that the original and not a duly certified copy of a deed is the proper evidence when there is a rule of Court suggesting material variance between the original and the registration, is not applicable to this case.

5. Without being allowed to correct, in the way proposed, the certified copy or the registration, the plaintiffs were entitled to establish and identify lines and boundaries which would correspond with the proposed correction.

This was an ACTION to try title to land, tried before *Bynum, J.,* and a jury, at the Spring Term, 1892, of the Superior Court of CLEVELAND County.

The pleadings show the contention of the parties.

The plaintiffs, as part of their claim of title, introduced a certified copy of a deed from Richard Covington to Thomas Wilson, made October 29, 1842, the fourth call of which said copy of said deed was as follows: "Thence S. 10° W. 170 poles to a stake"; and the fifth call of said copy of said deed read as follows: "Thence south 66 E. 26 poles to a post-oak."

Plaintiffs then introduced, as part of their chain of title, a certified copy from the Register of Deeds office of Cleveland County of a deed from Thomas Wilson to C. O. Wilson, said deed dated May 20, 1861, and the fourteenth (14th)

call of said certified copy is as follows: "Thence S. 10° W. 70 poles to a stake"; and the fifteenth call as follows: "Thence south 66 east 26 poles to a post-oak."

The plaintiffs then proposed to prove by one Hoyle, a surveyor, that in surveying the calls of this deed he did not have the copy introduced in evidence, but that he had the original deed executed by Thomas Wilson to C. O. Wilson, and that the call in the original deed from Thomas Wilson to C. O. Wilson was South 10° W. 170 poles to a stake, and not South 10° W. 70 poles to a stake as set out in the certified copy. Plaintiffs stated that they expected to show, for the purpose of making this parol evidence competent, that the original deed from Thomas Wilson to C. O. Wilson had been lost by their attorneys since the bringing of this suit; that they expected further to show by witness, that by running said call 170 poles, a proper connection is made with the beginning, and that it covers the land in controversy, and that by stopping at 70 poles no proper connection was made with the beginning, and that it would not cover the land in controversy; and further, that this would show that there was an error in the registration of the deed by the Register.

Defendant objected to the introduction of the parol evidence to contradict the certified copy introduced. The objection was sustained, and the plaintiffs excepted. Plaintiffs also proposed to prove by the witness that the fifteenth call in the original deed from Thomas Wilson to C. O. Wilson was not "S. 66 E. 26 poles to a post-oak, as set out in the certified copy, but that the registration was incorrect, and that the original was 'S. 66 W. 26 poles to a post oak.'" Defendant objected; sustained; the Court remarking to plaintiffs' counsel, that while he excluded the testimony, the plaintiffs might, and it was proper for them to extend the line from 70 to 170 poles, and to change the course of the second call above set forth from East to West by establishing any corners or lines, that would satisfy the jury, by a preponderance

of testimony, that the proper location is found by extending the line to 170 poles, or by changing the course from east to west.

Upon the exclusion of the testimony of the said Hoyle, the plaintiffs took a nonsuit and appealed.

*Mr. E. C. Smith,* for plaintiffs.
*Mr. M. H. Justice,* for defendant.

MacRAE, J.: The proposition of plaintiffs was to prove that there is a mistake in the copy from the registration book which they offered in evidence as a link in their chain of title, by which, instead of 170 poles, as it was in the original, it is written 70 poles in the registration. And, to prove this error, they offered to show by a witness that he saw the original deed, and that it was written 170 poles. And they stated that they then expected to prove that the original deed was lost.

Section 1266 of *The Code* provides for the correction of errors in the registration of deeds, a procedure by petition before the Clerk, the grantor and all persons claiming title to or having lands adjoining those mentioned in the petition to have notice of said petition.

It is contended that this statutory proceeding is not exclusive, and that the plaintiffs are entitled to proceed to have the mistake corrected by the means afforded them before the passage of the act in 1790, and, therefore, that upon the trial of this action they may show the mistake in the registration of their deed. But the plaintiffs acted under a misapprehension of their rights in the premises, independent of the procedure provided them in section 1266.

It is held in *Mobley* v. *Watts,* 98 N. C., 284, following a line of precedents, that parol evidence is admissible to prove the contents of lost or destroyed records, and that the statutory method of restoring such records (*The Code,* sec. 55 *et seq.*)

does not have the effect to exclude such proof. But this was upon the principle that the best evidence shall always be offered. Before the destruction of the record, the best evidence was the original or a certified copy; but the record having once existed and been lost, secondary evidence is permitted to supply the loss. The record having been destroyed, the secondary becomes the best evidence; and, as the record itself would have been evidence if it were in existence, proof of it is evidence after it has been destroyed. The case before us is essentially different.

" Records may be identified by testimony, but their contents cannot be altered or meaning explained by parol." *Wade* v. *Odeneal*, 3 Dev., 423; *State ex rel. Davis* v. *McAlpin*, 4 Ired., 140; *Kerr* v. *Brandon*, 84 N. C., 128.

In this case the record is in existence, though the original deed is lost. It is proposed in this action for the recovery of land to alter the registration. This is not an action brought for that purpose; there are not proper parties here to such a proceeding. Section 1266 provides the appropriate means of obtaining relief in such cases. In regard to this action, it is said in *Oldham* v. *Bank*, 85 N. C., 240: " The statute provides a remedy for every person in the registration of whose deed a mistake may be made, and if, notwithstanding this, the plaintiffs submitted to loss and inconvenience without any effort to relieve themselves, the consequences of their failure cannot be thrown upon others."

Section 1251 of *The Code* is not applicable to this case, that is to the effect that a duly certified copy of a deed may be given in evidence, " unless upon a rule or order of the Court suggesting some material variance from the original in such registry or other sufficient ground, such party shall have been previously required to produce the original." In which case the copy from the registry is not permitted to be offered in evidence. The reception of the copy as evidence is an

exception to the rule of the best evidence, and is only allowed in the absence of the suggestion provided for in section 1251.

His Honor properly informed plaintiffs that they might extend the line from 70 to 170 poles and change the course of the second call from east to west by establishing any corners or lines that would satisfy the jury, by a preponderance of evidence, that the proper location would be found by this extension of the line and changing of the course.

This would have been permissible even if there had been a mistake in the original deed, and arises from the only exception to the rule that the terms of a written instrument cannot be varied by parol evidence. In questions of boundary (no natural object called for) parol evidence, corroborated by natural evidence of trees marked at the time, although not called for, is allowed to correct or explain a mistake in the courses of a grant. *Graybeal* v. *Powers*, 76 N. C., 66.

No Error.                                                    Affirmed.