W. S. FORBES et al. *v.* JOHN B. WIGGINS.

*Records of Court—Impeachment by Parol Testimony.*

1. The records of a Court, professing to state judicial transactions of the Court itself, cannot be impeached collaterally by parol testimony or otherwise, but must stand until attacked in a proper proceeding for the purpose and reformed by the Court which made them. Therefore, in an action for damages, in which the title to land came in question, parol testimony, offered to disprove the correctness of a petition for partition and report of a commissioner who sold the land, was properly excluded.

2. It is not the province of or allowable for the jury to compare handwriting to determine whether an alteration has been made in an instrument or record, and therefore, where no evidence had been offered to show that a description of land in a petition had been altered, the Court properly refused to allow the jury to take the paper and compare an interlineation with the body of the petition to ascertain whether the description had been wrongfully changed.

CIVIL ACTION, brought to recover damages for trespass on lands and for perpetual injunction, and tried at Fall Term, 1891, of GATES Superior Court, before *Brown, J.,* and a jury.

The case hinged upon the title to "a tract of land cov-ered by the water of the Whitmel Stallings' mill-pond," and whether it passed out of the heirs of Whitmel Stal-lings to defendant by proceedings for partition and sale thereunder, made in 1860, or to the plaintiff by subsequent proceedings in 1888 for same purpose, among the alleged heirs of Stallings, and sale thereunder in 1889. The petition in the proceedings of 1860 described the property as "a tract of land covered by water with a water-mill thereon," and the report of the commissioner recites the sale of "the mill and appurtenances described in the petition." The plain-tiffs claimed under deed which describes the land as a tract "covering entire swamp except two acres belonging to mill," and insisted that only the mill and two acres passed to defendant by his deed. It was admitted that the mill-pond and the land covered by the water of the mill-pond was the only land in dispute.

In the course of the trial plaintiff offered to prove by a witness that he was present at the sale by the Clerk and Master in Equity in 1860, and that a tract of land covered by water was not sold, but only the mill and two acres of land. This testimony was excluded on objection by the defendant that the proceedings in equity showing what was sold could not be impeached or contradicted collat-erally in this action, and plaintiff excepted.

W. H. Manning, who, as Clerk and Master in Equity, made the sale in 1860, was a witness for defendant, and upon cross-examination by plaintiff he stated:

"When I sold the land I sold a tract of land covered by water, with mill, and an acre of land at each end of the dam. I conformed to the language of the petition in describing the land. At the time of the sale the land com-prising the mill-pond was covered with water."

To contradict this statement plaintiff offered an affidavit made by Manning in 1890 as to what he sold as Clerk:

"That he sold, on the 17th of May, 1860, as C. M. E., a certain water-mill, with two acres of land attached thereto, for partition among the heirs at law of Whitmel Stallings, and that Thomas J. Barnes became the purchaser at the sum of $330. He further deposed that said land was situated as follows, to-wit, one acre at each end of the mill-dam."

This was excluded, and plaintiff excepted.

After the evidence was closed the plaintiff's counsel contended that the petition in equity of 1860 had been interlined wrongfully as to the description of the land, and that the interlineation was in a different handwriting from the body of the petition, and that the jury should take the petition and compare the handwriting of the interlineation with the body of the petition.

The Court held that there was no evidence introduced that the description in the petition had been wrongfully altered, and declined to submit the petition to the jury (*Fuller* v. *Fox, infra*). Exception by plaintiff.

At the conclusion of the testimony the Court intimated that the jury would be instructed that, if they believed the defendant's evidence, the title which descended to Whitmel Stallings' heirs had been divested, and that the plaintiff could not recover, and that the jury should find the issues for the defendant.

The boundaries in the complaint cover more than the mill-pond, and the Court considered that the title to the mill-pond had been divested.

Upon this intimation the plaintiff excepted, submitted to a nonsuit, and appealed.

*Messrs. Pruden & Vann* and *St. Leon Scull,* for plaintiff (appellant).

*Mr. L. L. Smith,* for defendant.

MACRAE, J.: It seems to have been conceded that the question in this case was whether title to the land covered by the water of the Stallings mill-pond passed out of the heirs of Stallings by virtue of the proceedings for partition in the Court of Equity of Gates County in 1860 and the sale thereunder; for that if it did not so pass, the plaintiffs had acquired title to the same by subsequent proceedings and deed.

The first exception was to the refusal of his Honor to admit parol testimony to show that only the mill and two acres were sold, and not the tract of land covered by water, known as the mill-pond. The petition for partition, filed in 1860, describes the property as a tract of land covered by water, with a water-mill thereon, and the report of W. H. Manning, Clerk and Master to the Court at the succeeding term, recites the sale by him of the mill and appurtenances *described in the petition.* Neither the deed nor any other part of the record than the petition and report, was sent up with the case on appeal, but no objection was made by the plaintiff to the want of the rest of the record. Taking that portion of the record, to which we have referred, as all that the parties desired us to examine, it could not be impeached in this proceeding by parol testimony or otherwise. It must stand until attacked in a proper proceeding and reformed by the Court which made it. *Reid* v. *Kelly,* 1 Dev., 313. Plaintiff's counsel in his brief, recognizing this principle, contends that while the record cannot be thus impeached, yet it may be explained. But it has been often said that a record speaks for itself; it cannot be explained. *Wade* v. *Odeneal,* 3 Dev., 423; *Kerr* v. *Brandon,* 84 N. C., 128; *Hopper* v. *Justice,* 111 N. C., 418.

This does not bring us in conflict with the principle stated in *Smith* v. *Lowe,* 5 Ired., 197, and the later cases upon the same line, such as *Walters* v. *Moore,* 90 N. C., 41, and

*Curlee* v. *Smith*, 91 N. C., 172, where it is held that "the records of a Court professing to state the judicial transactions of the Court itself cannot be contradicted by parol evidence or any other proof, for they import verity in themselves. But the acts and doings out of Court of a ministerial officer, as the Clerk in issuing writs, Constables and Sheriffs in making returns on warrants, writs, etc., although required by law to be returned into a Court of Record, are only *prima facie* to be taken as true, and are not conclusive evidence of the things they write; they may be contradicted by any evidence and shown to be false, antedated, etc." It was not contended, and it could not be successfully maintained, that the report of a commissioner to make sale under direction of the Court, and which was necessary to be passed upon and confirmed by the Court in order to give effect to the sale after the same had been filed and confirmed and made a part of the record, would be upon the same footing as the returns of Sheriffs and Constables, which need no order of confirmation to give them validity.

The second exception would seem to lose force for the same reason, as an attempt to vary the record by parol testimony.

We concur with his Honor upon the third exception. It might have been competent, as contended by the learned counsel for the plaintiff, to show that this was not the record of the Court by proving an interlineation fraudulently made which constituted no part of the record; but it could not be done by simply handing the paper to the jury for them to compare the handwriting of the interlined words with that of the body of the petition. Such comparison of handwriting is not permitted to be done by the jury in the Courts of this State. *Fuller* v. *Fox*, 101 N. C., 119.

Judgment Affirmed.