### STATE v. JOHN CARVER.

(Filed 2 March, 1938.)

1. **Assault § 9: Homicide § 16—Presumption from use of deadly weapon does not apply to assault cases, but only to prosecutions for homicide.**

   In a prosecution for assault with a deadly weapon with intent to kill, resulting in serious injury, C. S., 4214, defendant's admission that he shot the prosecuting witness with a pistol does not raise the presumption that defendant is guilty as charged, and does not place the burden on defendant to prove to the satisfaction of the jury matters in mitigation, excuse, or justification upon his plea of self-defense and not guilty, the presumption arising from the use of a deadly weapon being applicable only to homicide

cases, and the burden is on the State throughout the trial to rebut the presumption of innocence and prove defendant guilty beyond a reasonable doubt.

2. **Criminal Law § 81c—Instruction placing burden on defendant to prove innocence is not cured by verdict of guilty of less degree of crime charged.**

An instruction that defendant's admission of assault with a deadly weapon, which resulted in serious injury, raised the presumption of defendant's guilt of assault with a deadly weapon with intent to kill, resulting in serious injury, as charged, C. S., 4214, and placed the burden on defendant to satisfy the jury of matters in mitigation or excuse, is not cured by a verdict of guilty of the misdemeanor of an assault with a deadly weapon, since the instruction required defendant to show to the satisfaction of the jury matters in mitigation or excuse before he could successfully ask for a verdict of not guilty.

APPEAL by defendant from *Sink, J.,* at September Term, 1937, of GRAHAM. New trial.

*R. L. Phillips and Moody & Moody for defendant, appellant.*
*Attorney-General Seawell and Assistant Attorney-General McMullan for the State.*

SCHENCK, J. The defendant was convicted of an assault with a deadly weapon upon a bill of indictment charging a violation of C. S., 4214, which reads: "Any person who assaults another with a deadly weapon with intent to kill, and inflicts serious injury not resulting in death, shall be guilty of a felony and shall be punished by imprisonment in the State Prison or be worked on the county roads for a period not less than four months nor more than ten years."

The defendant entered a plea of not guilty, and in the course of his testimony admitted that he shot the prosecuting witness, Harrison Wilson, with a pistol, but contended that what he did he did in self-defense.

From judgment of imprisonment the defendant appealed to the Supreme Court assigning as error, *inter alia,* the following excerpt from the charge of the court:

"The court charges you as a matter of law where one admits in a case of this kind that he used upon another as named in the bill of indictment a deadly weapon, and the court charges you that a pistol is a deadly weapon, then the law says the duty devolves upon him to show, not beyond a reasonable doubt, not by the greater weight of the evidence, but to the satisfaction of the jury, circumstances in mitigation of his conduct that will reduce the offense from that charged in the bill of indictment, to wit, assault with a deadly weapon with intent to kill, to that of guilty of an assault with a deadly weapon, or relieve him from the liability of any offense whatever and render a verdict of not guilty.

STATE *v.* CARVER.

The defendant admits he shot the prosecuting witness, therefore it is his duty to satisfy you, not by the greater weight of the evidence nor beyond a reasonable doubt, but to satisfy you he was justified in so doing."

This assignment of error is well taken. In *S. v. Redditt,* 189 N. C., 176, it is said: "The admission or proof of an assault with a deadly weapon, resulting in serious injury but not in death, cannot be said, as a matter of law, on the present record, to establish a presumption of felonious intent, or intent to kill, sufficient to overcome the presumption of innocence raised by a plea of traverse, and cast upon the defendant the burden of disproving his guilt. *S. v. Wilbourne,* 87 N. C., 529; *S. v. Falkner,* 182 N. C., 793."

The Attorney-General in his brief admits that the charge complained of is in contravention of the principle laid down in *Redditt's case, supra,* but contends that the error was harmless since the defendant was not convicted of an assault with intent to kill, a felony, but was convicted only of an assault with a deadly weapon, a misdemeanor. With this contention we cannot concur.

That portion of the charge reading "The defendant admits he shot the prosecuting witness, therefore it is his duty to satisfy you, not by the greater weight of the evidence nor beyond a reasonable doubt, but to satisfy you he was justified in so doing," cast upon the defendant the burden of proving to the satisfaction of the jury matters in justification or excuse before he could successfully ask for a verdict of not guilty. Such is not the law. The defendant's plea of not guilty raised a presumption of his innocence, and this presumption continued throughout all stages of the trial until removed by a verdict of guilty. *S. v. Murphrey,* 186 N. C., 113. If the defendant's evidence raised a reasonable doubt as to his guilt, or if such evidence caused to linger in the minds of the jury from the original presumption of innocence a reasonable doubt as to his guilt, or if upon all the evidence the jury entertained a reasonable doubt as to his guilt the defendant was entitled to a verdict of not guilty, although the defendant's evidence may not have satisfied the jury of matters in justification or excuse.

The rule in certain homicide cases that where the defendant admits, or it is proven, that he slew the deceased with a deadly weapon, there is a presumption of guilt of murder in the second degree and the burden is cast upon the defendant to show to the satisfaction of the jury matters in mitigation, excuse, or justification, *S. v. Willis,* 63 N. C., 26; *S. v. Brittain,* 89 N. C., 481; *S. v. Robinson,* 188 N. C., 784, doubtless had its origin in the necessity arising out of the fact that the deceased's mouth is closed, but such necessity does not exist and such rule does not apply in assault cases.

New trial.