STATE v. ANDY TOLA.

(Filed 16 December, 1942.)

**1. Evidence § 33½: Courts § 4½a—**

Court records may be identified by testimony, but their contents can not be altered, nor their meaning explained by parol.

**2. Courts § 4½b—**

The power of a court to amend its own records is exclusive and the proper procedure is by application to the court to have its record speak the truth.

**3. Criminal Law § 26—**

Under a plea of former jeopardy the burden of proof is upon the defendant to show that he is entitled to his release.

**4. Evidence § 50—**

The process or method used in ascertaining alcoholic content might be considered on the question of the credibility of an expert witness, but not on the competency or admissibility of his evidence.

**5. Criminal Law § 41h—**

A wife cannot be compelled to testify against her husband in a criminal action; but when she takes the stand in his behalf, she is subject to cross-examination in the same manner and to the same extent as any other witness. C. S., 1802.

**6. Criminal Law § 41b—**

The scope of cross-examination must rest largely in the discretion of the trial court.

**7. Indictment § 12—**

A defect in a warrant or bill of indictment can be taken advantage of only by motion to quash or by motion in arrest of judgment.

**8. Indictment § 11—**

A warrant, or indictment, is not fatally defective which charges that defendant unlawfully sold intoxicating liquors, whereas the proof was that he sold alcoholic beverages with a content of 20% or more of alcohol.

**9. Criminal Law § 53b—**

In a prosecution for the sale of wines with a content of over 20% alcohol, there being evidence *pro* and *con*, the defendant is not prejudiced by a charge to return a verdict of not guilty, if the jury should find that the drinks in question contained more alcohol than is allowed by law, if they should further find that the drinks came in bottles labeled twenty per cent or less alcoholic content when received by defendant.

APPEAL by defendant from *Olive, Special Judge,* at March Term, 1942, of CUMBERLAND.

Criminal prosecution tried upon a warrant issued by the recorder's court of Cumberland County containing five counts. Defendant was convicted and sentenced in the recorder's court. From the judgment entered, defendant appealed to the Superior Court. At the trial below, a plea of former jeopardy was entered as well as a plea of not guilty. Defendant was tried in the Superior Court on the first count in the original warrant, being the only count, as shown by parol evidence, on which defendant had been convicted in the recorder's court and from which he had appealed to the Superior Court. Evidence was offered by the defendant to show that he operated a Grade A restaurant, and held a permit from the State Alcoholic Beverage Control Board for the sale of sweet wines.

From a verdict of guilty and judgment thereon, defendant appealed to the Supreme Court, assigning error.

*Attorney-General McMullan and Assistant Attorneys-General Patton and Rhodes for the State.*
*W. Brantley Womble and J. M. Templeton for defendant.*

DENNY, J. The plea of former jeopardy cannot be sustained on this record. The record shows that in the Superior Court the defendant was tried on one count of the five contained in the warrant, being the count on which defendant was convicted in the recorder's court and from which he had appealed to the Superior Court. The defendant argues that he was prejudiced before the jury by reason of the failure of the court to ascertain before the close of the State's evidence, what count or counts in the warrant would be submitted to the 'jury. The judgment of the recorder's court shows only that the defendant was found guilty. It was not until the defendant called the judge of the recorder's court to the witness stand that it was established by parol that the defendant had been found guilty only on the first count in the warrant and not guilty as to the other counts. At the close of all the evidence, his Honor stated in open court that he would allow the case to go to the jury only on the first count. We find no error in this procedure, in view of the fact that under a plea of former jeopardy the burden of proof is upon the defendant to show that he is entitled to his release. *S. v. White,* 146 N. C., 608, 60 S. E., 505.

The defendant was permitted to introduce parol testimony in explanation of the judgment entered in the recorder's court. The State did not object to this testimony and the court gave the defendant the benefit of it; therefore the defendant cannot complain because the State did not undertake to contradict or explain the judgment entered in the recorder's court which stated: "After hearing the evidence in this case, it is adjudged that the defendant, Andy Tola, is guilty." Beginning with *Cline v. Lemon,* 4 N. C., 323, this Court said: "No principle of law in relation to evidence, is better settled, than that parol testimony in contradiction of matters of record is inadmissible." Again, in *Wade v. Odeneal,* 14 N. C., 423, *Ruffin, J.,* said: "The question is, how this judgment is to be proved. Courts of record speak only in their records. They preserve written memorials of their proceedings, which are exclusively the evidence of those proceedings. . . . The records may be identified by testimony, but their contents cannot be altered, nor their meaning explained by parol. The acts of the court cannot thus be established." *R. R. v. Reid,* 187 N. C., 320, 121 S. E., 534; *Gauldin v. Madison,* 179 N. C., 461, 102 S. E., 851; *Forbes v. Wiggins,* 112 N. C., 122, 16 S. E., 905; 23 R. C. L., at sec. 7, p. 158. In lieu of parol testimony to explain a judgment of a court, the proper procedure is an application to the court which entered the judgment to have the record amended so as to speak

the truth. This Court said, in *Walton v. Pearson,* 85 N. C., 35 : "In the uncertainty as to the real character of the judgment, growing out of the inconsistent and contradictory entries upon its dockets, the law imposed the duty of determining the question upon the court in which the judgment was rendered and lodged with it alone the power to make the records consistent in themselves and with the truth. It is the duty of every court to supply the omissions of its officers in recording its proceedings and to see that its record truly sets forth its action in each and every instance; and this it must do upon the application of any person interested, and without regard to the effect upon the rights of parties or of third persons; and neither is it open to any other tribunal to call in question the propriety of its action or the verity of its record as made. This power of a court to amend its records has been too often recognized by this Court, and its exercise commended, to require the citation of authorities—other than a few of the leading cases on the subject. See *Phillips v. Higdon,* Busb., 380; *Foster v. Woodfin,* 65 N. C., 29; *Mayo v. Whitson,* 2 Jones, 231; *Kirkland v. Mangum,* 5 Jones, 313." *R. R. v. Reid, supra.*

The exceptions directed to the method used by the expert chemist in ascertaining the alcoholic content of the drinks purchased at the defendant's place of business, cannot be sustained. The process or method used in ascertaining alcoholic content might be considered on the question of the credibility of the expert witnesses, but not on the competency or admissibility of their evidence.

Other exceptions are directed to questions propounded to the wife of the defendant on cross-examination. Defendant contends his wife was an incompetent witness to testify as to anything that occurred at his place of business. It is true the State could not have compelled her to testify against her husband in this trial, but, when she took the witness stand to testify in his behalf, she was subject to cross-examination in the same manner and to the same extent as any other witness. C. S., 1802; and, as stated in *S. v. Coleman,* 215 N. C., 716, 2 S. E. (2d), 865 : "The scope of the cross-examination must rest largely in the discretion of the trial court. *S. v. Beal,* 199 N. C., 278 (298), 154 S. E., 604; Wigmore on Evidence (2d Ed.), sec. 944, *et seq.,* 28 R. C. L., 445."

The defendant also assigns as error the refusal of his Honor to dismiss the action on the ground that the warrant charged that defendant had sold alcoholic beverages and not that he had sold alcoholic beverages with a content of twenty per cent (20%) or more of alcohol. The count in the warrant upon which defendant was tried reads as follows : "T. L. Hon, being duly sworn, on information and belief complains and says that at and in said county, on the 10th day of October, 1941, Andy Tola, not being an authorized Alcoholic Beverage Control Board Store law-

fully established for such purpose, unlawfully and willfully, through himself and his agents and employees, did barter, sell, furnish, deliver, exchange and otherwise unlawfully dispose of intoxicating liquors."

A defect appearing in a warrant or bill of indictment can be taken advantage of only by motion to quash or by motion in arrest of judgment. Neither motion was made. However, we do not think the warrant fatally defective by reason of the omission pointed out by the defendant.

The State offered evidence to the effect that drinks were purchased and sold at defendant's place of business on 10 October, 1941, to an officer of the State Alcoholic Beverage Control Board and to the chemist of said board, which drinks were analyzed for their alcoholic content by volume. Mr. Hege, the chemist for the State Alcoholic Beverage Control Board, testified that he found the drinks to contain thirty-one per cent (31%) alcohol by volume. Mr. Cheek, another chemist, who made an analysis of the drinks sometime after Mr. Hege's analysis, testified he found the drinks to contain twenty-seven and eight-tenths per cent (27.8%) alcohol by volume.

On the other hand, the defendant offered evidence to the effect that the drinks or cocktails in question were made from sweet wines and other ingredients, which defendant was authorized by law to sell and which came from bottles, the contents of which were marked twenty per cent (20%) or less of alcohol by volume.

Chapter 339, Public Laws of 1941, sec. 6, authorizes the sale of sweet wines in hotels, Grade A restaurants, drug stores and grocery stores in any county in which the operation of Alcoholic Beverage Control Stores is authorized by law; such sales, however, shall be subject to the rules and regulations of the State Alcoholic Beverage Control Board. These wines are defined as follows: "Sweet wines shall be any made by fermentation from grapes, fruits or berries, to which nothing but pure brandy has been added, which brandy is made from the same type of grape, fruit or berry which is contained in the base wine to which it is added, and having an alcoholic content of not less than fourteen per centum (14%) and not more than twenty per centum (20%) of absolute alcohol, reckoned by volume."

Section B of this Act prohibits the sale of fortified wines at any place in the State except through county operated Alcoholic Beverage Control Stores. Sec. 1 of the Act defines these wines as follows: "Fortified wines shall mean any wine or alcohol beverages made by fermentation of grapes, fruit and berries and fortified by the addition of brandy or alcohol or having an alcoholic content of more than fourteen per cent (14%) of absolute alcohol, reckoned by volume."

The defendant was not prejudiced by the omission in the warrant, in view of the fact that his Honor, in his charge to the jury, carefully pointed out that a verdict of guilty should not be returned unless the jury was satisfied beyond a reasonable doubt that the defendant had sold alcoholic beverages containing in excess of twenty per centum (20%) alcohol by volume; and the court directed the jury to return a verdict of not guilty if they should find that the drinks sold by the defendant contained more alcohol than is allowed by law, if the jury should further find that the drinks came in bottles labeled twenty per cent (20%) or less alcoholic content when received by the defendant.

The case was one for the jury, and, upon a careful consideration of the exceptions and the charge of the court, to which there was no exception, we do not find sufficient error to disturb the verdict of the jury.