### STATE v. FRANK CEPHUS.

(Filed 24 February, 1954.)

**1. Criminal Law § 38—**

In criminal prosecutions a defendant's plea of not guilty clothes him with a presumption of innocence which continues to the moment the State offers evidence sufficient to rebut the presumption and to show beyond a reasonable doubt that the defendant in fact committed the crime charged, or some lesser degree thereof.

**2. Same—**

The general rule, which is subject to certain exceptions, is that the burden of proof in a criminal prosecution never shifts to defendant but remains on the State throughout the trial, and defendant does not have the burden of proving matters in justification or excuse.

**3. Assault §§ 11, 14b—**

In a prosecution for assault with a deadly weapon in which defendant's evidence tends to show that he acted only in his own necessary self-defense, the burden of proof rests on the State throughout the trial to prove that defendant willingly engaged in an affray or unlawfully assaulted the prosecuting witness and that in so doing he used a deadly weapon, and thus rebut any suggestion of self-defense, and an instruction that the burden was on defendant of proving his plea of self-defense to the satisfaction of the jury constitutes prejudicial error.

APPEAL by defendant from *Bone, J.,* October Term, 1953, EDGECOMBE. New trial.

Criminal prosecution in which it is charged that defendant assaulted one Harvey Everett with a deadly weapon.

The defendant entered a general plea of not guilty.

On 28 February 1953 defendant, Harvey Everett (the prosecuting witness), Richard Pippen, and four others were together in Tarboro, N. C. All had been drinking, and Pippen was drunk. Defendant had an automobile and agreed to carry Pippen to his home in Princeville, just across the Tar River, if he would furnish the gas. They stopped at a filling station in Princeville and purchased five gallons of gas. Defendant de-

manded that Pippen purchase ten gallons. Everett protested that that was too much for such a short trip.

From that point on the evidence is in sharp conflict. The State's testimony tends to show that as Everett went out of the filling station defendant grabbed him, jerked him around and cut him in the face. The testimony favorable to defendant tends to show that Everett made an unprovoked and persistent assault on defendant, and defendant did nothing more than try to ward off the assault and get away without suffering any injury.

There was a verdict of guilty. The court pronounced judgment on the verdict and defendant appealed.

*Attorney-General McMullan, Assistant Attorney-General Moody, and Gerald F. White, Member of Staff, for the State.*
*Weeks & Muse for defendant appellant.*

BARNHILL, C. J. The court below in its charge instructed the jury in part as follows:

"The burden of proof as to the plea of self-defense is on the defendant, to satisfy the jury, not beyond a reasonable doubt nor by the greater weight of the evidence, but simply to satisfy the jury that he was fighting in his own self-defense and used no more force than was reasonably necessary for his protection."

This instruction must be held for error which entitles the defendant to a new trial.

It is true that in homicide cases when it is made to appear that defendant intentionally assaults another with a deadly weapon, inflicting a wound which proximately causes the death of the person assaulted, the law raises certain presumptions of fact which, nothing else appearing, require a verdict of murder in the second degree. And upon the admission or proof of such facts, the law casts upon the defendant the burden of proving facts and circumstances which will rebut the presumption of malice or which will excuse the homicide altogether on the grounds of self-defense, accident, or misadventure. But we need not now enter into a discussion of the philosophy underlying that rule for it has no application here.

In criminal prosecutions a defendant's plea of not guilty clothes him with a presumption of innocence which continues to the moment the State offers evidence sufficient to rebut the presumption and to show beyond a reasonable doubt that the defendant in fact committed the crime charged, or some lesser degree therof. *S. v. Carver.* 213 N.C. 150, 195 S.E. 349. Consequently the burden of proof rests on the State throughout the trial, even when defendant's evidence tends to show that he acted only in his

own necessary self-defense. *S. v. Carver, supra; S. v. Gibson,* 196 N.C. 393, 145 S.E. 772; *S. v. Redditt,* 189 N.C. 176, 126 S.E. 506; *S. v. Revels,* 227 N.C. 34, 40 S.E. 2d 474; 6 C.J.S. 975, sec. 114.

Defendant's evidence tending to show that he did not commit an assault upon, or willingly engage in an affray with, the prosecuting witness, but only did what reasonably appeared to him to be necessary to ward off or repel an assault being made on him is offered to rebut, impeach, or discredit the evidence offered by the State or to "muddy the waters" so as to create a reasonable doubt as to his guilt.

"If the defendant's evidence raised a reasonable doubt as to his guilt, or if such evidence caused to linger in the minds of the jury from the original presumption of innocence a reasonable doubt as to his guilt, or if upon all the evidence the jury entertained a reasonable doubt as to his guilt the defendant was entitled to a verdict of not guilty, although the defendant's evidence may not have satisfied the jury of matters in justification or excuse." *S. v. Carver, supra; S. v. Murphrey,* 186 N.C. 113, 118 S.E. 894.

The rule is the same as in cases where the defendant undertakes to prove an alibi. *S. v. Minton,* 234 N.C. 716, 68 S.E. 2d 844; *S. v. Bridgers,* 233 N.C. 577, 64 S.E. 2d 867.

There are, of course, certain exceptions to the rule that the burden in a criminal prosecution never shifts to the defendant as when a defendant seeks to bring himself within an exceptive provision of a criminal statute. But the general rule and not the exceptions must be applied here.

To follow any other rule would deprive the defendant of the presumption of innocence and tend to confuse. Just when does the burden shift? Does defendant's reliance on evidence tending to show he fought only in his own necessary self-defense altogether relieve the State of any burden? Must the jury decline to consider the evidence of self-defense on the primary issue of guilt? A charge which attempted to answer these questions would be, of necessity, inconsistent and conflicting.

Here the State must prove that the defendant willingly engaged in an affray with, or unlawfully assaulted, the prosecuting witness and that in so doing he used a deadly weapon. Proof of these facts rebuts any suggestion of self-defense. To say that the burden then shifts to the defendant to prove that he fought only in his own necessary self-defense is too illogical to find favor with this Court. The State must first prove his guilt, and then he must prove his innocence. Such is not the law in this jurisdiction.

New trial.