## STATE v. ANDREW JUNE FAULKNER.

(Filed 9 March, 1955.)

**1. Arrest § 3: Criminal Law § 56—**

A warrant which charges that defendant "unlawfully and wilfully, did resist, delay or obstruct a public officer in discharging or attempting to discharge a duty of his office . . ." is insufficient to charge the offense of resisting an officer, and defendant's motion in arrest of judgment must be allowed.

**2. Indictment and Warrant § 9—**

The use of the disjunctive "or" instead of the conjunctive "and" is disapproved.

**3. Indictment and Warrant § 13: Criminal Law § 56—**

A defect appearing in a warrant or bill of indictment can be taken advantage of only by motion to quash or by motion in arrest of judgment, and may not be presented by motion to nonsuit.

**4. Criminal Law § 79—**

An assignment of error brought forward in the brief but in support of which no argument is stated or authority cited upon any germane ground, is deemed abandoned. Rule 28, Rules of Practice in the Supreme Court.

**5. Criminal Law § 53b—**

An instruction susceptible to the construction that defendant's evidence must raise a question as to his guilt beyond a reasonable doubt, must be held for prejudicial error.

**6. Criminal Law § 81c (2)—**

An erroneous instruction on the burden of proof is not corrected by prior and subsequent correct instructions upon the point.

20—241

**7. Criminal Law § 56—**

The legal effect of arresting the judgment is to vacate the verdict and sentence, and the State may thereafter proceed upon a new and sufficient warrant or bill of indictment if it so desires.

BARNHILL, C. J., and DEVIN, J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Clarkson, J.,* August Term 1954 of UNION.

Criminal prosecution upon a warrant and bill of indictment, which charges, without objection, were consolidated for trial.

E. L. Dutton, a member of the State Highway Patrol, made a complaint under oath to the deputy clerk of the Recorder's Court of Union County that on 25 April 1954 "E. L. Dutton, S. H. P., . . . unlawfully and wilfully, did resist, delay or obstruct a public officer in discharging or attempting to discharge a duty of his office . . ." The warrant issued upon the complaint commanded the arrest of June Faulkner, the defendant. On this warrant the defendant was tried in the Recorder's Court, and from a judgment of imprisonment there he appealed to the Superior Court, where he was tried *de novo.*

The bill of indictment charged the defendant Andrew June Faulkner on 24 April 1954 with feloniously assaulting E. L. Dutton with a deadly weapon, to wit: a knife, with felonious intent to kill and murder E. L. Dutton and inflicting upon him serious injuries not resulting in death by cutting him about the head, face, body and limbs.

Plea of Not Guilty. Verdict guilty as charged. Judgment: imprisonment in the common jail of the county for a period of three to four years, and assigned to work the public roads.

The defendant appeals, assigning error.

*Harry McMullan, Attorney General, and Ralph Moody, Assistant Attorney-General, for the State.*
*W. B. Nivens for Defendant, Appellant.*

PARKER, J. In this Court the defendant made a motion for arrest of judgment on the charge in the warrant upon the alleged ground that the warrant is void, because in the complaint attached to the warrant Dutton's name is written, where the defendant's should have been.

In the recent case of *S. v. Scott, ante,* 178, 84 S.E. 2d 654, an indictment charging that the defendant did "resist, delay and obstruct a public officer in discharge and attempting to discharge the duty of his office . . ." was held insufficient to charge the offense of resisting an officer. Upon the authority of that case we hold that the warrant here does not charge the offense of resisting an officer, that the motion in arrest of judg-

ment raises the question for decision, and it is ordered that the judgment be arrested.

Therefore, it is not necessary for us to decide whether the warrant is void on the ground alleged by defendant. On this point see *S. v. Hammonds, ante,* 226, 85 S.E. 2d 133, and the cases therein cited.

The use of the word "or" in the warrant, to wit: "resist, delay *or* obstruct a public officer in discharging *or* attempting to discharge, etc.," instead of the word "and" is bad pleading. *S. v. Williams,* 210 N.C. 159, 185 S.E. 661; 42 C.J.S., Indictments and Informations, Sec. 101.

The defendant assigns as error the failure of the lower court to allow his motion for judgment of nonsuit. This exception is brought forward by the defendant, but in support of it no reason or argument is stated or authority cited, except argument that the warrant is void. We have said in *S. v. Tola,* 222 N.C. 406, 23 S.E. 2d 321, "a defect appearing in a warrant or bill of indictment can be taken advantage of only by motion to quash or by motion in arrest of judgment." It would seem that the defendant by virtue of Rule 28, Rules of Practice in the Supreme Court, 221 N.C. 544, has abandoned his exception as to the insufficiency of the evidence to carry the case to the jury.

The defendant assigns as error this part of the charge: "If the defendant's evidence raised a reasonable doubt as to his guilt or if such evidence caused to linger in the minds of the jury from the original presumption of innocence *beyond* a reasonable doubt as to his guilt or, if upon all the evidence, the jury entertained a reasonable doubt as to his guilt, the defendant is entitled to a verdict of not guilty, although the defendant's evidence may not have *justified* the jury of the matters and justifications or excuse." (Italics ours.)

It is evident that the trial court in this part of its charge intended to quote what we said in *S. v. Carver,* 213 N.C. 150, 195 S.E. 349, which has been quoted with approval in *S. v. Cephus,* 239 N.C. 521, 80 S.E. 2d 147. The words used in the charge are the same as those in the *Carver Case* with these exceptions: one, in the charge the word "beyond" is inserted; two, in the charge the word "justified" is used instead of "satisfied," and three, the charge used the words, "of the matters and justifications or excuse," when the Court's words were "of matters in justification or excuse."

Just before the part of the charge excepted to above the trial court correctly charged as follows: "Now, there is no burden on the defendant at all in this case. The burden rests on the State to satisfy you from the evidence and beyond a reasonable doubt as to all of the elements." But when the judge went on to charge that if the defendant's "evidence caused to linger in the minds of the jury from the original presumption of inno-

cence beyond a reasonable doubt as to his guilt" he would be entitled to a verdict of acquittal, it would seem that those words meant that the defendant's evidence must raise not a reasonable doubt, but beyond a reasonable doubt as to his guilt, before he could be acquitted. That, of course, is not the law and the error is prejudicial. *S. v. Cephus, supra.* The statement of the law correctly before and later in the part of the charge assigned as error, except as to the unfortunate use of the word "justified" instead of "satisfied," does not cure the error. *S. v. Stroupe,* 238 N.C. 34, 76 S.E. 2d 313.

For error in the charge, there must be a new trial in the case of a felonious assault.

In the case of resisting arrest the legal effect of arresting the judgment is to vacate the verdict and sentence, and the State may proceed against the defendant, if it so desires, upon a new and sufficient warrant or bill of indictment. *S. v. Scott,* 237 N.C. 432, 75 S.E. 2d 154; *S. v. Sherrill,* 82 N.C. 695; 15 Am. Jur., Criminal Law, Sec. 441.

It is therefore ordered.

In the Resisting an Officer Case—Judgment Arrested.

In the Felonious Assault Case—New Trial.

BARNHILL, C. J., and DEVIN, J., took no part in the consideration or decision of this case.