State v. Hopkins

STATE OF NORTH CAROLINA v. RONALD E. HOPKINS

No. 712SC320

(Filed 26 May 1971)

1. Evidence § 28— parol testimony contradicting court judgment

Parol testimony is inadmissible to explain or contradict a judgment of a court of record, the proper procedure being to apply to the court which entered the judgment to have the record amended so as to speak the truth.

2. Evidence § 28— testimony contradicting court judgment

In a hearing upon defendant's plea of former jeopardy prior to his trial on a burglary indictment, judgment of the district court showing that probable cause had been found on a charge of first degree burglary could not be explained or contradicted by testimony of the clerk of district court that defendant had entered a plea of guilty of nonfelonious breaking and entering and had been sentenced for that crime, but that the judgment was thereafter changed to show a finding of probable cause as to first degree burglary.

APPEAL by defendant from *Rouse, Judge,* 18 January 1971 Session of Superior Court held in BEAUFORT County.

The facts, sufficient for an understanding of this appeal, are set forth in the opinion.

*Attorney General Morgan, by Staff Attorney League, for the State.*

*Wilkinson & Vosburgh, by James R. Vosburgh, for the defendant.*

BROCK, Judge.

The Record on Appeal contains records of the District Court which disclose the following: A warrant was issued on the affidavit of Francis G. Foster charging that defendant (1) assaulted Francis G. Foster by pointing a shotgun at her, (2) assaulted Francis G. Foster, a female, by striking her, and (3) broke and entered, other than by burglarious breaking, the dwelling of Francis G. Foster. The warrant directed that defendant be brought before the District Court on 15 December 1970. On 15 December 1970, on motion allowed by the Court, the third count in the warrant was amended to allege first degree burglary. On 15 December 1970, District Judge Manning found probable cause and ordered appearance bond in the sum of $2,500 on the burglary count. There is no District Court record before us showing pleas or disposition of the first and second counts.

A bill of indictment was returned at the January 1971 Session charging defendant with first degree burglary. When the charge against defendant was called for trial, defendant interposed a plea of former jeopardy and offered the testimony of the assistant clerk of Superior Court who had been assigned to serve as Clerk in the District Court on 15 December 1970. Her testimony tended to show that according to her recollection there were two charges of assault and one charge of non-felonious breaking and entering, combined in one warrant against defendant; that the three charges were consolidated for trial and judgment; that defendant pleaded guilty to the two assault charges and the nonfelonious breaking and entering charge and a consolidated judgment was entered confining defendant for a term of five months, and defendant was "placed on the prisoner's bench"; that "[t]hereafter the Solicitor in the District Court carried the witnesses involved in that case in conference and had a discussion with them and after the Solicitor returned to the Court the defendant was brought back around in front of the Bar and the Judge announced he was finding probable cause as to first degree burglary;" that she

does not remember whether the Solicitor moved to amend the warrant to charge first degree burglary before defendant was brought back around to the Bar; that the judgment of the court had not been changed at the time the Solicitor conferred with the witnesses; that the judgment was changed, although she does not recall when the change was made.

After hearing defendant's evidence Judge Rouse denied his plea and proceeded to trial. The Solicitor announced that he would not prosecute defendant on the first degree burglary charge, but would prosecute only on the lesser included offense of a nonfelonious breaking and entering. Reserving his exception to the Court's denial of his plea of former jeopardy, defendant entered a plea of guilty to nonfelonious breaking and entering and was sentenced to a term of eighteen to twenty-four months.

[2] Defendant's sole argument on this appeal is that he pleaded guilty to the nonfelonious breaking and entering charge in District Court and was sentenced upon his plea. He argues stressfully that this constitutes former jeopardy and prevents a trial upon the felony indictment. Defendant argues the facts to be exactly as testified by his witness, and that they are not as reflected by the records in the District Court.

[1] In this case defendant introduced parol testimony for the purpose of explaining, and to a great extent contradicting, the judgment entered in the District Court. The State did not object to this testimony, and the trial judge permitted it. However, it is a long established principle of law that parol testimony is inadmissible to explain or contradict a judgment of a court of record. In *Wade v. Odeneal*, 14 N.C. 423, Ruffin, J. (later C.J.) said: "The question is, How this judgment is to be proved. Courts of record speak only in their records. They preserve written memorials of their proceedings, which are exclusively the evidence of those proceedings. . . . The records may be identified by testimony, but their contents cannot be altered, nor their meaning explained by parol. The acts of the court cannot thus be established." Denny, J. (later C.J.) further explained the proper procedure in *State v. Tola*, 222 N.C. 406, 23 S.E. 2d 321, as follows: "In lieu of parol testimony to explain a judgment of a court, the proper procedure is an application to the court which entered the judgment to have the record amended so as to speak the truth."

[2] It appears that Judge Rouse resolved the contradictions in the evidence, found against defendant's contentions, and denied defendant's plea of former jeopardy. But he properly should have entered the same ruling upon the grounds that there was no competent evidence upon which he could have sustained the plea.

No error.

Judges MORRIS and HEDRICK concur.