IN RE: L.A.P., Minor Child.
No. COA06-244
Court of Appeals of North Carolina.
Filed February 6, 2007
This case not for publication
Surry County Department of Social Services, by H. Lee Merritt, for petitioner.
Womble Carlyle Sandridge & Rice, by Joann A. Waters, for Guardian ad Litem.
Hall & Hall, P.C., by Susan P. Hall, for respondent-father.
Marion Boone, for respondent-mother.
James Freeman, Attorney Advocate.
LEVINSON, Judge.
Respondent-appellant appeals from an order terminating his parental rights in his daughter "Dawn."[1] We affirm.
The record establishes the following: In 2002 respondent lived with his wife Alice, their daughter Dawn, and Bettina and Clarissa, Alice's daughters from two other relationships. On 25 March 2002 Alice brought Bettina to the hospital with vomiting and abdominal pain. Medical personnel diagnosed Bettina with seriouslife-threatening injuries, including perforation of her small intestine. They found Alice's explanations inconsistent with these injuries, and noted that Bettina had other unexplained scars, marks, and abrasions. On 27 March 2002 a nonsecure custody order was issued, placing Bettina, Clarissa, and Dawn in the custody of DSS. Dawn was then six months old, and the other girls were of pre-school age. On 24 April 2002 respondent and Alice were charged with child abuse.
Dawn was adjudicated neglected on 1 July 2002, and her custody continued with DSS. Dawn and her sisters were placed in foster homes. Both parents remained in jail for over a year. In July 2003 respondent pled guilty to felony child abuse and contributing to the neglect of a minor, pursuant to North Carolina v. Alford, 400 U.S. 25, 27 L. Ed. 2d 162 (1970). He was sentenced to time served and placed on probation. Respondent was released from jail on 22 July 2003. Shortly thereafter, he contacted DSS and agreed to a case plan addressing the issues pertinent to Dawn's placement in DSS custody. Respondent completed the case plan, as well as the requirements of his probation; however, his probation initially included a condition that he "not be in the presence of any child under the age of 16 without a responsible adult present." Based in part on this condition, the trial court in December 2003 directed DSS to initiate proceedings for termination of respondent's parental rights in Dawn.[2] DSS filed a petition for termination of parental rights in January 2004, which was amended in August 2004.
As amended, the petition alleged the following grounds for termination of parental rights:
The respondent-father has willfully left the child in placement outside the home for more than twelve (12) months without making reasonable progress under the circumstances to correct those conditions which [led] to the removal of the child.
The respondent-father is incapable of providing for the proper care and supervision of the juvenile, such that the juvenile is a dependent juvenile within the meaning of N.C.G.S. § 7B-101, and there is a reasonable probability that such incapability will continue for the foreseeable future.
Respondent-father committed and has been convicted of a felony assault that resulted in serious bodily injury to another child residing in the home of the minor child, [Dawn].
As an additional ground to terminate the parental rights of the respondent-parents, it is alleged that the minor child is a neglected child as defined by North Carolina General Statute[] § 7B-101(15).
These allegations closely track grounds for termination of parental rights set out in N.C. Gen. Stat. §§ 7B-1111(a)(1), (2), (6), and (8) (2005). A hearing on the petition was begun 19 August 2004, continued several times, and concluded 8 April 2005. The trial court entered an order terminating respondent's parental rights in Dawn on 10 July 2005, from which order respondent appeals.
Respondent argues on appeal that DSS and the trial court violated several procedural rules for termination of parental rights proceedings and that, as a result, the trial court lacked subject matter jurisdiction to terminate respondent's parental rights. We disagree.
We first review certain statutory provisions. N.C. Gen. Stat. § 7B-907(e) (2005) provides in pertinent part that:
(e) [T]he director of [DSS] shall file a petition to terminate parental rights within 60 calendar days from the date of the permanency planning hearing unless the court makes written findings why the petition cannot be filed within 60 days. . . .
Other time limits are found in N.C. Gen. Stat. § 7B-1109 (2005):
(a) The hearing on the termination of parental rights shall be conducted by the court . . . no later than 90 days from the filing of the petition or motion unless the judge pursuant to subsection (d) of this section orders that it be held at a later time.
(d) . . . Continuances that extend beyond 90 days after the initial petition shall be granted only in extraordinary circumstances when necessary for the proper administration of justice, and the court shall issue a written order stating the grounds for granting the continuance.
(e) . . . The adjudicatory order shall be reduced to writing, signed, and entered no later than 30 days following the completion of the termination of parental rights hearing.[3] N.C. Gen. Stat. § 7B-1109(a), (d), and (e). Thus, the instant proceedings violated procedural rules in that (1) the petition was filed 67 days after the permanency planning hearing, not within the 60 days specified in § 7B-907(e); (2) the hearing was conducted outside the 90 days specified in § 7B-1109(a); (3) the continuance orders did not specifically find "extraordinary circumstances" requiring continuance, as required by § 7B-1109(d);[4] and (4) the written order was not filed until 57 days after the hearing, not the 30 days required by § 7B-1109(e).
We disagree with respondent's contention that the violations of these procedural rules were per se prejudicial and divested the trial court of subject matter jurisdiction. This Court previously has held that "time limitations in the Juvenile Code are not jurisdictional in cases such as this one and do not require reversal of orders in the absence of a showing by the appellant of prejudice resulting from the time delay." In re C.L.C., K.T.R., A.M.R., E.A.R., 171 N.C. App. 438, 443, 615 S.E.2d 704, 707 (2005), aff'd, 360 N.C. 475, 628 S.E.2d 760 (2006). Thus, for example, where respondent argued that failure to file the written order within 30 days of the completion of the proceeding for termination of parental rights was per se prejudicial, this Court held:
While the trial court's delay clearly violated the 30-day provision of N.C. Gen. Stat. § 7B-1109(e), this Court has held that a trial court's violation of statutory time limits in a juvenile case is not reversible error per se. Rather, we have held that the complaining party must appropriately articulate the prejudice arising from the delay in order to justify reversal.
In re S.N.H., ___ N.C. App. ___, ___, 627 S.E.2d 510, 513 (2006) (citations omitted).
We do not condone delays such as those in the instant case. However, they do not divest the trial court of subject matter jurisdiction. Moreover, as regards prejudice, respondent makes only a generalized statement in his brief that the "delay in this case" had "prejudiced the father simply by the passage of time." We conclude the assignments of error corresponding to these arguments should be overruled.
Respondent argues next that the trial court erred by taking judicial notice of, or admitting into evidence, the orders and records from earlier proceedings in this case. Respondent asserts that, because many of these documents were admitted under a lower standard of proof than that required in a termination of parental rights hearing, the trial court improperly considered them, and that a new hearing is required to remedy this "egregious error." We disagree. "In In re J.B., this Court expressly held that the trial court did not err in taking judicial notice of prior disposition orders in a juvenile case, even where those orders were entered under a lower evidentiary standard, especially where `the trial court in a bench trial is presumed to have disregarded any incompetent evidence.'" In re S.N.H., ___ N.C. App. ___, ___, 627 S.E.2d 510, 515 (2006) (quoting In re J.B., 172 N.C. App. 1, 16, 616 S.E.2d 264, 273 (2005)).
Additionally, respondent did not object to the trial court's taking judicial notice of earlier orders entered in the case, and thus failed to preserve this issue for appellate review. See N.C. R. App. P. 10(b)(1).
Respondent also argues that the trial court erred by considering earlier reports and documents wherein facts were found by "clear and convincing" evidence, rather than "clear, cogent, and convincing" evidence.
We note that Chapter 7B, Article 11 interchangeably uses the clear, cogent and convincing and the clear and convincing standards. Compare N.C. Gen. Stat. § 7B-1109 (The burden in such proceedings shall be upon the petitioner or movant and all findings of fact shall be based on clear, cogent, and convincing evidence.) with N.C. Gen. Stat. § 7B-1111 (The burden in such proceedings shall be upon the petitioner or movant to prove the facts justifying such termination by clear and convincing evidence.). These two standards are synonymous.
In re Faircloth, 153 N.C. App. 565, 575, 571 S.E.2d 65, 72 (2002) (internal quotation marks omitted and citations omitted). This assignment of error is overruled.
Respondent argues next that the trial court erred by terminating his parental rights, on the grounds that the petition failed to allege specific facts that would establish a legal basis for termination. He again argues that, assuming the petition were deficient in this regard, the trial court would have no subject matter jurisdiction. We disagree.
Under N.C. Gen. Stat. § 7B-1104(6) (2005), the petition for termination of parental rights must state "[f]acts that are sufficient to warrant a determination that one or more of the grounds for terminating parental rights exist." "Factual allegations must be sufficient to put a respondent on notice regarding the acts, omissions, or conditions at issue in the petition." In re A.D.L., J.S.L., C.L.L., 169 N.C. App. 701, 709, 612 S.E.2d 639, 644 (citing In re Hardesty, 150 N.C. App. 380, 384, 563 S.E.2d 79, 82 (2002)), disc. review denied, 359 N.C. 852, 619 S.E.2d 402 (2005).
Significantly, petitioner does not cite any authority for his assertion that the degree of specificity of a petition's allegations is a matter of subject matter jurisdiction, and we find none. Moreover, the record reveals that, with respect to at least one of the grounds the court found to terminate respondent's parental rights, the petition does comply with G.S. § 7B-1104(6).[5] Here, the petition alleged, consistent with G.S. § 7B-1111(8), that respondent "committed a felony assault that resulted in serious bodily injury to . . . [an]other child residing in the home[.]" The amended petition alleges that respondent "committed and has been convicted of a felony assault that resulted in serious bodily injury to another child residing in the home of the minor child." Moreover, the petition specifically referenced the 1 July 2002 neglect adjudication order, wherein the trial court found, inter alia, the following:
The child was seriously injured while in the care of the mother and stepfather. The child did not receive any medical treatment for three days following the injury. The mother testified and the court finds that the stepfather struck the child in the stomach. The child was admitted to Baptist Hospital 3-25-2002 and was discharged on 4-20-2002.
Thus, respondent was sufficiently informed of acts supporting at least one of the grounds the trial court found for termination of his parental rights. This assignment of error is overruled.
Respondent also argues that the termination order must be vacated, on the grounds that the petitioner failed to attach to the petition a copy of the order demonstrating that the child was in DSS custody when the petition was filed. This Court recently addressed this issue: [T]o have standing to file for termination of parental rights, DSS must prove that it has legal custody of the child at the time the petition is filed. "Courts of record speak only in their records. They preserve written memorials of their proceedings, which are exclusively the evidence of those proceedings[.]" . . . We conclude that, where DSS files a motion for termination of parental rights, the trial court has subject matter jurisdiction only if the record includes a copy of an order, in effect when the petition is filed, that awards DSS custody of the child.
In re T.B., ___ N.C. App. ___, ___, 629 S.E.2d 895, 897 (2006) (quoting State v. Tola, 222 N.C. 406, 408, 23 S.E.2d 321, 323 (1942)). In the instant case, unlike T.B., the petition to terminate parental rights incorporated by reference the juvenile file containing the custody order in effect when the petition was filed, and this order is also found in the record. This assignment of error is overruled.
We have considered respondent's remaining assignments of error and find them to be without merit. For the reasons discussed above, we conclude that the trial court's order for termination of parental rights should be
Affirmed.
Judges STEELMAN and STEPHENS concur.
Report per Rule 30(e).
NOTES
[1] To preserve the privacy of the minor, we refer to her in this opinion by the pseudonym "Dawn." For the same reason, we refer to the child's mother as "Alice," and to Alice's other daughters as "Bettina" and "Clarissa."
[2] Respondent's probation was amended in February 2004 to allow him to have unsupervised visitation with Dawn.
[3] The amended version of G.S. 7B-1109(e)(2006), not applicable to the instant case, adds the following language:

If the order is not entered within 30 days following completion of the hearing, the clerk of court for juvenile matters shall schedule a subsequent hearing at the first session of court scheduled for the hearing of juvenile matters following the 30-day period to determine and explain the reason for the delay and to obtain any needed clarification as to the contents of the order. The order shall be entered within 10 days of the subsequent hearing required by this subsection.
[4] The continuance orders entered after the initial 90 days, see G.S. §7B-1109(d), cited reasons for delay such as a lack of court time and the unavailability of counsel due to criminal superior court commitments. Subsequently, after each day of trial, court orders were entered stating that the hearing "was conducted this day but not concluded," and setting a later date to continue the hearing.
[5] We address this issue notwithstanding some authority that concludes that appellate review of challenges to the sufficiency of pleadings, made pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure, is not available after a trialon the merits. See, e.g., In re Baby W., ___ N.C. App. ___, ___, 611 S.E.2d 900, ___ (2005) (Steelman, J. concurring); Dale v. Lattimore, 12 N.C. App. 348, 351-52, 183 S.E.2d 417, 419 (1971). In the present case, respondent did not even assert a Rule 12(b)(6) motion.