Pearson, C. J.
 

 The conviction of the defendant may involve the proposition that a free negro is not justified, under any circumstances, in striking a white mán. To this, we cannot yield our assent. .Self-defense is a
 
 natural
 
 right, and, although the social relation of this
 
 third class
 
 of our population, and a regard for its proper subordination requires that the right should be restricted, yet, nothing short of manifest public necessity can furnish a ground for taking it away absolutely; because a free negro, however lowly his condition, is in the “ peace of the State,” and to deprive him of this right, would be to put him on the footing'of an outlaw. So, while the law will not allow a free negro to return blow for blow, and engage in a fight with a white man, under ordinary circumstances, as one white man may do with another, or one free negro with another, he is not deprived, absolutely, of the right of self-defense, but a middle course is adopted, by which, in order to make out a justification for a battery on a whiteman, the free negro is required to allege and. prove that it became necessary for him to strike, in order to protect himself from great bodily harm or grievous oppression.
 

 This conclusion, is, we think, dedueible from the adjudications of our courts, and considerations growing out of the abnormal state of society, caused by. the existence of free negroes in our midst, calling for a new application of the princi
 
 *54
 
 pies of the common law, the excellence of which consists in the fact that it is flexible, and expands so as to embrace any new exigence or condition of society; so that, while on the principle of self-protection, the paramount rights of the white population are secured, the rights of this inferior race are made to give place, as far, bat no farther, than is necessary for that purpose.
 

 In
 
 State
 
 v. Jowers, 11 Ired. Rep. 555, it is held that insolence from a free negro to a white man will excuse a battery ; in analogy to the principle which had been previously settled in respect to the insolence of a slave to a white man.
 

 In
 
 State
 
 v.
 
 Cæser,
 
 9 Ired. Rep. 389, Chief Justice Ruffin, although he dissented in respect to its application to that case, concurred in the opinion that, on a trial for homicide, the rules applicable to white men, were not applicable to the case of & slave killing a white man; that if a slave receiving a slight blow should kill a white man with a deadly weapon, it would be murder, but if tlie blow was a severe one, inflicted under circumstances, giving reasonable ground to apprehend great bodily barm, or if unusual circumstances of oppression occurred, there would be a legal provocation.
 

 Without undertaking to decide that a free negro stands precisely on the same footing with a slave who strikes a white man, other than his master, or one having authority over him, we think it follows from the prineijiles established by these cases, that, although a free negro, upon receiving an ordinary blow, is not allowed to strike back, and get into a fight with a white man, yot, if there be cruelty, or unusual circumstances of oppression, a blow is excusable; because, in such a case, a resort to the uatura^right of self-protection is not inconsistent with that feeling of submission to white men which his lowly condition imposes, and public policy requires should be exacted.
 

 If, in the case now under consideration, the conviction of the defendant involves simply the proposition of law stated above, then we differ from his Honor in respect to its- application. An officer of the town having a
 
 notice to serve on the
 
 defend-
 
 *55
 

 amt,
 
 without any authority whatever,
 
 arrests him mid attempts to tie him!!
 
 Is not this gross oppression? For what purpose was he to be tied? What degree of cruelty might not the defendant reasonably apprehend after he should be entirely in the power of one who had set upon him in so highhanded and lawless a manner? Was he to submit tamely?— Or, was he not excusable for resorting to the natural right of self-defense ?
 

 Upon the facts stated, we think his Honor ought to have instructed the jury to find the defendant not guilty. There is error.
 
 Venire de novo.
 
 .
 

 Per Curiam,
 

 Judgment reversed.