## STATE v. ERNEST ANDERSON.

(Filed 2 March, 1949.)

**1. Assault § 14b—**

A charge predicating the right of self-defense upon actual or real danger alone must be held for reversible error in excluding the right to fight or kill in self-defense if it reasonably appears from the circumstances surrounding defendant at the time that his assailant is about to take his life or to do him great bodily harm.

**2. Same—In absence of intent to kill, defendant may fight in self-defense even though not in real or apparent danger of death or great bodily harm.**

Upon an indictment charging defendant with assault with a deadly weapon with intent to kill, G.S. 14-32, the court properly submitted to the jury under the evidence the question of defendant's guilt of the less degree of assault with a deadly weapon, G.S. 15-170, and the jury found defendant guilty of the lesser offense. *Held:* In the absence of an intent to kill, defendant had the right to protect himself from bodily injury or offensive physical contact at the hands of his assailant even though he were not put in actual or apparent danger of death or great bodily harm, and an instruction to the effect that defendant had the right to fight in self-defense only to avoid death or great bodily harm is prejudicial error.

APPEAL by defendant from *Clement, J.,* and a jury, at October Term, 1948, of BUNCOMBE.

The defendant, Ernest Anderson, was charged by indictment with feloniously assaulting, wounding and seriously injuring the State's witness, Clarence Holcombe, with a deadly weapon with intent to kill contrary to G.S. 14-32. The State offered testimony tending to show that the defendant and Holcombe fought by mutual consent in a public place, and that in the course of the combat the defendant inflicted serious injury upon Holcombe with a knife. The defendant presented evidence indicating that Holcombe made an unprovoked attack upon him "with some kind of an instrument" and a knife, and that he cut Holcombe merely to protect himself against injury.

The court left it to the jury to determine whether the defendant was guilty of the felonious assault charged in the indictment, or guilty of a nonfelonious assault with a deadly weapon, or not guilty. There was a verdict of guilty of an assault with a deadly weapon, judgment of imprisonment was imposed thereon, and defendant appealed, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*

*Don C. Young for defendant, appellant.*

ERVIN, J.   The court charged the jury as follows : "One is permitted to fight in self-defense or kill in self-defense when it is necessary for him to do so in order to avoid death or great bodily harm." This instruction was not qualified elsewhere in the charge, and constitutes one of the defendant's assignments of error.

Manifestly, the instruction denied to the accused the right "to fight in self-defense or kill in self-defense" in the absence of an actual necessity for so doing even though he may have honestly and reasonably believed from the circumstances surrounding him at the time that the prosecuting witness was about to take his life or to do him great bodily harm. Thus, it erroneously limited the right of self-defense to actual or real danger alone. *S. v. Glenn,* 198 N.C. 79, 150 S.E. 663; *S. v. Barrett,* 132 N.C. 1005, 43 S.E. 832.

The excerpt from the charge is objectionable in another view.

It is undoubted law that a person cannot excuse taking the life of an adversary upon the ground of self-defense unless the killing is, or reasonably appears to be, necessary to protect himself from death or great bodily harm. *S. v. Hand,* 170 N.C. 703, 86 S.E. 1005. The defendant has not taken human life. It is alleged in the indictment, however, that he committed a felonious assault and battery upon the prosecuting witness with a deadly weapon in an unsuccessful attempt to kill the prosecuting witness contrary to G.S. 14-32. Both authority and logic declare that the law of self-defense in cases of homicide applies also in cases of assault with intent to kill, and that an unsuccessful attempt to kill cannot be justified unless the homicide would have been excusable if death had ensued. 40 C.J.S., Homicide, section 89. It follows that where an accused has inflicted wounds upon another with intent to kill such other, he may be absolved from criminal liability for so doing upon the principle of self-defense only in case he was in actual or apparent danger of death or great bodily harm at the hands of such other. *S. v. Elmore,* 212 N.C. 531, 193 S.E. 713; *S. v. Bridges,* 178 N.C. 733, 101 S.E. 29.

Since the evidence justified such action, the court properly charged the jury that the defendant might be acquitted of the felonious assault and battery with intent to kill charged in the indictment, and convicted of an assault of lower degree, namely, an assault with a deadly weapon, which is a misdemeanor. G.S. 15-170; *S. v. Gregory,* 223 N.C. 415, 27 S.E. 2d 140. The jury found defendant "guilty of assault with a deadly weapon" and thereby established that he acted without intent to kill the prosecuting witness.

It is quite conceivable that a verdict of acquittal would have been returned if the jury had been properly instructed with respect to the right of an accused to defend himself again nonfelonious assaults. The court made its instruction on the law of self-defense applicable to defend-

ant's conduct irrespective of whether he acted with intent to kill. In final result, it charged the jury that one is never privileged by law to employ force in self-protection unless he is threatened with death or great bodily harm.

The instruction is in direct conflict with *S. v. Dixon,* 75 N.C. 275, and repeated subsequent decisions containing this statement: "A distinction which seems reasonable and is supported by authority is taken between assaults with felonious intent and assaults without felonious intent. In the latter the person assaulted may not stand his ground and kill his adversary, if there is any way of escape open to him, though he is allowed to repel force by force and give blow for blow." *S. v. Ellerbe,* 223 N.C. 770, 28 S.E. 2d 519; *S. v. Bryant,* 213 N.C. 752, 197 S.E. 530; *S. v. Johnson,* 184 N.C. 637, 113 S.E. 617.

The law does not compel any man to submit in meekness to indignities or violence to his person merely because such indignities or violence stop short of threatening him with death or great bodily harm. If one is without fault in provoking, or engaging in, or continuing a difficulty with another, he is privileged by the law of self-defense to use such force against the other as is actually or reasonably necessary under the circumstances to protect himself from bodily injury or offensive physical contact at the hands of the other, even though he is not thereby put in actual or apparent danger of death or great bodily harm. *S. v. Maney,* 194 N.C. 34, 138 S.E. 441; *S. v. Allen,* 166 N.C. 265, 80 S.E. 1075; *S. v. Belk,* 76 N.C. 10; *S. v. Bryson,* 60 N.C. 476; *S. v. Davis,* 52 N.C. 52; *Taylor v. State,* 17 Ala. App. 508, 85 So. 877; *People v. Lopez,* 238 App. Div. 619, 265 N.Y.S. 211; *State v. Woodard,* 58 Idaho 385, 74 P. 2d 92, 114 A.L.R. 627; 4 Am. Jur., Assault and Battery, section 38; 6 C.J.S., Assault and Battery, section 92.

Since the erroneous instruction on the law of self-defense was prejudicial to defendant, the verdict and judgment is vacated, and the defendant is awarded a

New trial.