## STATE v. BURRELL WARREN.

(Filed 21 September, 1955.)

**1. Homicide § 16: Assault § 11—**

Where an intentional killing with a deadly weapon is admitted or established in a homicide prosecution, the law presumes malice, constituting the offense murder in the second degree, with the burden upon defendant to satisfy the jury of self-defense when relied upon by him; but in a prosecution for assault with a deadly weapon with intent to kill, inflicting serious injury not resulting in death, no presumption arises from the use of a deadly weapon, and the burden rests upon the State throughout the trial to prove defendant guilty beyond a reasonable doubt.

**2. Assault § 14b—**

In a prosecution for assault with a deadly weapon with intent to kill, inflicting serious injury not resulting in death, an instruction that the law of self-defense in case of homicide applies equally in case of assault with intent to kill, together with an instruction that a person cannot *excuse* taking the life of an adversary upon the grounds of self-defense unless the killing is or reasonably appears to be necessary to protect himself from death or great bodily harm, must be held for prejudicial error as placing the burden upon defendant to prove self-defense.

WINBORNE and HIGGINS, JJ., took no part in the consideration or decision of this case.

APPEAL by defendant from *Judge Dan K. Moore,* February Term, 1955, of HAYWOOD.

Criminal prosecution tried upon a bill of indictment charging that the defendant did unlawfully, wilfully and feloniously assault Hall Warren with a deadly weapon, to wit: a pistol, with the intent to kill and murder said Hall Warren, inflicting serious injuries, not resulting in death.

The State's evidence tended to show an assault with a pistol upon the person of Hall Warren, the defendant's son, wherein Hall Warren was shot and seriously injured. The defendant admitted the shooting, but testified that he did it in self-defense.

Verdict: Guilty of a felonious assault as charged in the bill of indictment.

Judgment: Imprisonment in the State's prison for a term of not less than five nor more than seven years.

The defendant appeals, assigning error.

*Attorney-General Rodman, Assistant Attorney-General Bruton, and William P. Mayo, Member of Staff, for the State.*
*John M. Queen and Frank D. Ferguson, Jr., for defendant.*

DENNY, J.   The defendant assigns as error the following excerpts from the charge:

"It is undoubtedly law that a person cannot excuse taking the life of an adversary upon the grounds of self-defense unless the killing is or reasonably appeared to be necessary to protect himself from death or great bodily harm."   Exception No. 22.

"An unsuccessful attempt to kill cannot be justified unless the homicide had been excusable had death ensued.   It follows that where an accused has inflicted a wound upon another with intent to kill, he may be absolved from criminal liability from so doing on the principle of self-defense only in case he was in actual or apparent danger of death or great bodily harm at the hands of each (such) other person."   Exception No. 23.

These excerpts were taken almost verbatim from the opinion in the case of *S. v. Anderson*, 230 N.C. 54, 51 S.E. 2d 895.   In that case the court charged the jury as follows: "One is permitted to fight in self-defense or kill in self-defense when it is necessary for him to do so in order to avoid death or great bodily harm."   It was held that the instruction given denied the accused the right to "fight in self-defense" in the absence of an actual necessity for so doing even though he may have honestly and reasonably believed from the circumstances surrounding him at the time that the prosecuting witness was about to take his life or to do him great bodily harm.   Thus, it erroneously limited the right of self-defense to actual or real danger alone.

The Court, speaking through *Ervin, J.*, then pointed out that the excerpt from the charge is objectionable in another view.   That while it is undoubted law that a person cannot excuse taking the life of an adversary upon the ground of self-defense unless the killing is, or reasonably appears to be, necessary to protect himself from death or great bodily harm, it was improper in that case since the defendant had not taken human life.   A new trial was granted.   Therefore, we disapproved the inclusion of the law of self-defense with respect to homicide in a charge where a defendant is being tried upon a bill of indictment for an assault with a deadly weapon, with intent to kill, inflicting serious injuries, not resulting in death.

It will be noted that his Honor in charging the jury in the instant case, in the last sentence of his charge, preceding the second excerpt quoted above, stated: "The law of self-defense in case of homicide applies *equally* in case of an assault with intent to kill."   (Emphasis added.)

It is true that the law of self-defense may be available in case of homicide and in case of assault with intent to kill, but the presumption with respect to such plea is not the same. When a defendant admits that he intentionally killed another, or an intentional killing is established, the law presumes malice from the use of a deadly weapon and the defendant is guilty of murder in the second degree, unless he can satisfy the jury, not beyond a reasonable doubt, nor by the greater weight of the evidence, but simply satisfy the jury of facts which justify his act or mitigate it to manslaughter, and the burden is on the accused in such case to establish such facts to the satisfaction of the jury unless the facts in mitigation are established by the State's evidence. *S. v. Todd,* 224 N.C. 358, 30 S.E. 2d 157; *S. v. Prince,* 223 N.C. 392, 26 S.E. 2d 875; *S. v. Beachum,* 220 N.C. 531, 17 S.E. 2d 674.

On the other hand, when a defendant is charged with an assault with a deadly weapon, with intent to kill, inflicting serious injury, not resulting in death, although the defendant may admit that he inflicted the injury with a deadly weapon, the law does not raise the presumption that it was done with malice and thereby shift the burden to the defendant to satisfy the jury that his conduct was justified. In a prosecution for assault with a deadly weapon in which the defendant's evidence tends to show that he acted in self-defense, the burden of proof rests on the State throughout the trial to prove the defendant guilty beyond a reasonable doubt. *S. v. Cephus,* 239 N.C. 521, 80 S.E. 2d 147; *S. v. Carver,* 213 N.C. 150, 195 S.E. 349. On such a charge, "a defendant's plea of not guilty clothes him with a presumption of innocence which continues to the moment the State offers evidence sufficient to rebut the presumption and to show beyond a reasonable doubt that the defendant in fact committed the crime charged, or some lesser degree thereof." *S. v. Cephus, supra.*

The question of the burden of proof was not raised in the case of *S. v. Anderson, supra.* And while the charge in this case purports to place the burden of proof on the State, if the law of self-defense in the case of homicide applies equally in case of an assault with intent to kill, then there is an implication that the burden is shifted to the defendant to show facts in mitigation of the offense charged. Therefore, we think the defendant is entitled to a new trial.

In view of the conclusion we have reached with respect to the charge, we will not discuss the remaining assignments of error.

New trial.

WINBORNE and HIGGINS, JJ., took no part in the consideration or decision of this case.