## STATE v. ALVIN SANDLIN AND CLYDE SANDLIN.

(Filed 14 October, 1959.)

1. **Assault and Battery § 12—**

> In a prosecution for assault with a deadly weapon, the admission of defendants that they used a deadly weapon does not place the burden upon them of proving that they acted in self-defense.

HIGGINS, J., not sitting.

APPEAL by defendants from *Mintz, J.,* May, 1959 Term, of ONSLOW.

Defendants were tried on bills of indictment which charged an assault on Bill Wiggs with a deadly weapon a hoe handle, "to the great damage of the said Bill Wiggs. . . ."

The cases were consolidated for trial. The State offered evidence tending to show the defendants assaulted Wiggs as charged, resulting in the fracture of bones of his left arm.

Defendants, in support of their plea of not guilty, testified they only acted in self-defense after Wiggs had threatened to shoot and kill.

The court charged the jury: ". . . the defendant having admitted on the stand that he struck with a deadly weapon as charged, the question of reasonable doubt was eliminated and the burden of proof shifts to the defendant and that it was his duty to satisfy the jury that he struck in self-defense, and failing to satisfy the jury that he used the weapon in self-defense, they would convict." Defendants excepted to the quoted portion of the charge.

The jury found defendants guilty. Sentences were imposed and defendants appealed.

*Attorney General Seawell and Assistant Attorney General Love for the State.*

*E. W. Summersill and Robert E. Lock for defendant, appellant.*

PER CURIAM. Defendants were not charged with murder, but an assault. It was error to place on them the burden of proving they acted in self-defence. *S. v. Warren,* 242 N.C. 581, 89 S.E. 2d 109; *S. v. Muscat,* 247 N.C. 266, 100 S.E. 2d 510.

New trial.

HIGGINS, J., not sitting.