STATE *v.* CLOER.

The case is remanded for sentence not in excess of that allowed by law.

Judgment vacated.

Remanded for proper sentence.

MOORE, J., not sitting.

═══════════

### STATE v. MELVIN CLOER.

(Filed 9 March, 1966.)

**Assault and Battery § 12—**

>   In a prosecution for assault, it is error for the court to place the burden upon defendant to prove self-defense.

MOORE, J., not sitting.

APPEAL by defendant from *Falls, J.,* August 30, 1965 Criminal Session GASTON Superior Court. The defendant was charged in a warrant with an assault on Robert David Mitchell on August 4, 1965. Upon his conviction in the Municipal Court of Gastonia, he appealed to the Superior Court and upon trial before a jury was found guilty of the charge.

In support of his plea of not guilty, the defendant testified that he acted in self-defense after having been attacked by Mitchell.

The court charged the jury "Applying the principle of self-defense which the Court just read to you, apply that to the evidence in this case; and if you find that—And the defendant is not required to satisfy you of any right of self-defense beyond a reasonable doubt. The only thing he is required to do is to satisfy this Jury that what he did was in self-defense of himself."

Upon his conviction, sentence was imposed and the defendant appealed.

*Attorney General Bruton and Assistant Attorney General Millard R. Rich, Jr., for the State.*

*Frank P. Cooke and Tom D. Efird for the defendant appellant.*

PER CURIAM. The defendant was not charged with murder, but an assault. It was error to place on him the burden of proving that

he acted in self-defense. *S. v. Sandlin,* 251 N.C. 81, 110 S.E. 2d 481 and cases there cited.

The defendant is entitled to a
New trial.

MOORE, J., not sitting.