### STATE v. LEONARD FLETCHER.

(Filed 21 September, 1966.)

**1. Assault and Battery § 8—**

In a prosecution for felonious assault and for assault with a deadly weapon, the burden does not rest upon defendant to satisfy the jury of his plea of self-defense but the burden rests upon the State throughout the trial to establish beyond a reasonable doubt that defendant unlawfully assaulted the alleged victim.

**2. Same—**

In a prosecution for felonious assault and for assault with a deadly weapon, defendant's right of self-defense is not limited to his right to defend himself against a felonious assault, but defendant is entitled to repel a nonfelonious assault, and an instruction to the effect that defendant could not lawfully use force in self-defense unless he was threatened with death or great bodily harm must be held for prejudicial error.

APPEAL by defendant from *Falls, J.,* May 1966 Criminal Session of BUNCOMBE.

Criminal prosecution on indictment charging that defendant on March 13, 1966, unlawfully, wilfully and feloniously assaulted Earl Calloway with a deadly weapon, to wit, a tire tool, with intent to kill him, and thereby inflicted upon him serious injuries not resulting in his death, a violation of G.S. 14-32.

Evidence was offered by the State and by defendant. The jury returned a verdict of guilty of assault with a deadly weapon. Judgment imposing a prison sentence of two years was pronounced. Defendant excepted and appealed.

*Attorney General Bruton, Deputy Attorney General Moody and Staff Attorney Vanore for the State.*
*Cecil C. Jackson, Jr., for defendant appellant.*

BOBBITT, J. The judge instructed the jury they could return a verdict of guilty of felonious assault as charged, or a verdict of guilty of assault with a deadly weapon, or a verdict of not guilty. The evidence required that such instruction be given. G.S. 15-169; G.S. 15-170; *S. v. Hicks,* 241 N.C. 156, 84 S.E. 2d 545.

It is unnecessary to review the evidence. When considered in the light most favorable to the State, it was sufficient to support a verdict of guilty of felonious assault as charged. When considered in the light most favorable to defendant, it was sufficient to require appropriate instructions as to defendant's right of self-defense in respect of repelling a felonious assault *and* in respect of repelling a nonfelonious assault.

Defendant excepted to and assigns as error this portion of the charge: "In either case, in order to excuse the killing on the plea of self-defense, it is necessary *for the accused to show* that he quit the combat before the mortal wound was given and retreated or fled as far as he could with safety and then urged by necessity, real or apparent, killed his adversary." (Our italics.) Other instructions relating to self-defense include the following: "In order to have the benefit of the principle of self-defense, the defendant *must show* that he was free from blame; that the assault upon him was with a felonious purpose, or appeared to be such, and that he used this deadly weapon only when apparently necessary to protect himself *from death* or *great bodily harm.*" (Our italics.) Again: "It is the law of this State that when a man provokes a fight by unlawfully assaulting another and in the progress of the fight kills his adversary, he will be guilty of manslaughter at least, though at the precise time of the homicide it was necessary for the alleged assailant to kill *in order to save his own life.* This is ordinarily true where a man unlawfully and willfully enters into a mutual combat with another and kills his adversary." (Our italics.)

The quoted instructions imply the burden of proof was on defendant to satisfy the jury he acted in self-defense. They would be appropriate in a homicide case when *the killing* with a deadly weapon is admitted or established, thereby raising the presumptions

that *the killing* was unlawful and was done with malice. They have no application in criminal prosecutions for felonious assault or assault with a deadly weapon. In prosecutions for felonious assault and for assault with a deadly weapon, it is not incumbent on a defendant to satisfy the jury he acted in self-defense. On the contrary, the burden of proof rests on the State throughout the trial to establish beyond a reasonable doubt that defendant unlawfully assaulted the alleged victim. *S. v. Warren,* 242 N.C. 581, 89 S.E. 2d 109, and cases cited; *S. v. Sandlin,* 251 N.C. 81, 110 S.E. 2d 481; *S. v. Cloer,* 266 N.C. 672, 146 S.E. 2d 815.

Moreover, the court's instructions imply defendant could not lawfully use force in self-defense unless he was threatened *with death* or *great bodily harm.* We find no instruction with reference to the right of defendant to defend himself against a nonfelonious assault. Failure to instruct the jury with reference to defendant's right of self-defense in respect of repelling a nonfelonious assault is prejudicial error. *S. v. Anderson,* 230 N.C. 54, 51 S.E. 2d 895; also, see *S. v. Warren, supra.*

As stated by Ervin, J., in *S. v. Anderson, supra:* "The law does not compel any man to submit in meekness to indignities or violence to his person merely because such indignities or violence stop short of threatening him with death or great bodily harm. If one is without fault in provoking, or engaging in, or continuing a difficulty with another, he is privileged by the law of self-defense to use such force against the other as is actually or reasonably necessary under the circumstances to protect himself from bodily injury or offensive physical contact at the hands of the other, even though he is not thereby put in actual or apparent danger of death or great bodily harm. (Citations.)"

Indicated errors in the charge entitle defendant to a new trial. Discussion of defendant's other assignments of error is unnecessary. They relate to matters that may not arise at the next trial.

New trial.