STATE OF NORTH CAROLINA v. WALTER WEAVER.

(Filed 19 June 1968.)

**1. Homicide § 14—**

When the intentional killing of a human being with a deadly weapon is admitted or is established by the evidence, the burden is on the defendant to prove to the satisfaction of the jury the legal provocation that will rob the crime of malice and thus reduce it to manslaughter, or the legal justification that will excuse it altogether upon the ground of self-defense.

**2. Assault and Battery § 12—**

In a prosecution for felonious assault, the admission of defendant that he used a deadly weapon does not raise a presumption of malice and

thereby place the burden on defendant to prove that he acted in self-defense.

**3. Assault and Battery § 15—**

In a prosecution for felonious assault, it is error for the court to place the burden upon the defendant to prove self-defense.

APPEAL by defendant from *Bowman, J.,* 15 January 1968 Session, ALAMANCE Superior Court.

Defendant was tried upon a bill of indictment charging that he did unlawfully, willfully and feloniously assault Cecil Hayes with a deadly weapon, with the felonious intent to kill and murder Cecil Hayes, inflicting serious injuries not resulting in death.

The State's evidence tended to show an assault with the stock of a shotgun upon the person of Cecil Hayes, causing serious injuries. The State's evidence tended to show that the assault occurred on or near the defendant's front porch. The defendant admitted the assault but testified he was acting in self-defense.

The jury returned a verdict of guilty of a felonious assault as charged in the bill of indictment. Judgment was entered imprisoning defendant for a term of not less than eight nor more than ten years.

The defendant appeals, assigning error.

*T. W. Bruton, Attorney General by Charles M. Hensey, Trial Attorney, for the State.*
*W. R. Dalton, Jr., for the defendant appellant.*

BROCK, J. After explaining the principles of the law relative to the right of self-defense, the trial judge instructed the jury as follows:

"In order to have the benefit of this principle of law the defendant must show:

1. That he was free from any blame.

2. That the assault on him was with a felonious purpose or appeared to be such.

3. That he attacked the person assaulting him, if you find that he did so, only when it was apparently necessary to do so to protect himself from death or great bodily harm."

The defendant excepted to the foregoing instruction, and assigns it as error.

The rule with respect to the burden of proof of self-defense in the case of a homicide, and the rule with respect to the burden of proof of self-defense in a non-homicide case are not the same.

When the intentional killing of a human being with a deadly weapon is admitted, or is established by the evidence, the law presumes malice from the use of a deadly weapon, and the law then casts upon the defendant the burden of proving to the satisfaction of the jury the legal provocation that will rob the crime of malice and thus reduce it to manslaughter, or the legal justification that will excuse it altogether upon the ground of self-defense. *State v. Warren*, 242 N.C. 581, 89 S.E. 2d 109. *State v. Calloway*, 1 N.C. App. 150, 160 S.E. 2d 501.

On the other hand, when a defendant is charged with an assault with a deadly weapon, with intent to kill, inflicting serious injury, not resulting in death, although the defendant may admit that he inflicted the injury with a deadly weapon, the law does not raise the presumption that it was done with malice and thereby shift the burden to the defendant to satisfy the jury that his conduct was justified. *State v. Warren, supra.*

The charge of the trial judge erroneously placed upon the defendant, in a non-homicide case, the burden of proving his defense of self-defense; for this error the defendant is entitled to a new trial.

In view of this disposition, we will not discuss the remaining assignments of error.

New trial.

MALLARD, C.J., and PARKER, J., concur.