STATE OF NORTH CAROLINA v. FRED BARNETTE

No. 7021SC213

(Filed 27 May 1970)

Assault and Battery §§ 8, 15— felonious assault — self-defense in repelling a nonfelonious assault — instructions

In a prosecution on indictment alleging an assault with a deadly weapon with intent to kill inflicting serious injury not resulting in death, the instructions of the trial court, which correctly charged the jury on defendant's right of self-defense in repelling a felonious assault, *held* not prejudicial in failing to charge on defendant's right of self-defense in repelling a nonfelonious assault, although there was evidence to support such an instruction, where the jury's verdict of guilty as alleged in the indictment established the defendant's intent to kill and thereby rendered unavailing his right to rely on self-defense in repelling a nonfelonious assault.

APPEAL by defendant from *Seay, J.,* 3 November 1969 Session, FORSYTH Superior Court.

Defendant was charged in two warrants with assault with a deadly weapon, to wit: pointing a pistol at one Betty Barnette, and pointing a pistol at one Irlo Shoaf. Defendant was also charged in a warrant with assault with a deadly weapon, to wit, a pistol, with intent to kill one Ernest Shaw inflicting serious bodily injury not resulting in death. Defendant was tried in the District Court upon the two warrants charging him with misdemeanor assaults and was convicted. From judgments entered upon the verdicts in the District Court, the defendant appealed to the Superior Court for trials *de novo.* Upon the warrant charging defendant with the felonious assault he was given a preliminary hearing in District Court at which time probable cause was found and he was bound over to Superior Court for trial. In the Superior Court the grand jury returned a true bill of indictment against the defendant for assault with a deadly weapon with intent to kill one Ernest Shaw inflicting serious bodily injury not resulting in death.

In the Superior Court the trial upon the indictment and the trials *de novo* upon the two misdemeanor warrants were consolidated for trial. The jury returned verdicts of guilty as charged in the two warrants and a verdict of guilty as charged in the bill of indictment. The two convictions of misdemeanor assault were consolidated for judgment and judgment imposing a sentence of six months was entered. Upon the verdict of guilty of the felonious assault a judgment of confinement for a period of 18 to 24 months was entered, this sentence runs concurrently with the six-month sentence.

Defendant appealed assigning as error certain portions of the judge's charge.

*Attorney General Morgan, by Assistant Attorney General Hudson, for the State.*

*White, Crumpler & Pfefferkorn, by William G. Pfefferkorn, for defendant.*

BROCK, J.

Defendant's sole assignment of error is that the judge's charge to the jury constituted prejudicial error in that its effect was to charge that defendant's right of self-defense could only be lawfully exercised if he were faced with an assault likely to cause his death or great bodily harm and thereby implying that the defendant had no right of self-defense if the assault upon him was nonfelonious or not likely to cause his death or great bodily harm.

In support of this contention, defendant excepted to and assigns as error among others the following portion of the charge:

"If you find the defendant acted at a time when he had reasonable ground to believe and did believe that he was about to receive *great bodily harm* at the hands of the prosecuting witness and that he shot him under that apprehension and that that apprehension was reasonable, that he was about to *suffer death* or *great bodily harm* at the hands of the prosecuting witness, Ernest Shaw, and he used no more force than reasonably appeared necessary under the circumstances, the defendant Barnette would not be guilty of any criminal offense." (Emphasis added.)

This instruction as to defendant's right of self-defense is correct when defendant is faced with a felonious assault only; but, where there is also evidence tending to show defendant was faced with a nonfelonious assault, the trial judge should give appropriate instruc-

tions as to his right of self-defense to repel a nonfelonious assault. At no place in the charge are there instructions as to defendant's right of self-defense in repelling a nonfelonious assault.

The evidence offered by the State tended to show the defendant saw Betty Barnette, his wife, coming out of a house with Irlo Shoaf, Ernest Shaw and his wife Hattie Shaw and the Shaw's daughter. As Irlo Shoaf was opening the door to the car parked in front of the house, the defendant approached them with a gun in his hand and threatened to kill them all. Defendant kicked Betty Barnette and Irlo Shoaf and then shot Ernest Shaw in the jaw. Irlo Shoaf struggled with the defendant and the gun was taken away from him. By this time Ernest Shaw had obtained a gun from the house and he fired a few shots into the ground and told the defendant to stay where he was until help arrived. Defendant attempted to flee and Ernest Shaw shot him in the back.

The State's evidence tended to show an assault with a pistol upon the persons of Betty Barnette and Irlo Shoaf and a felonious assault with a pistol upon the person of Ernest Shaw inflicting serious injury not resulting in death. Defendant admitted the shooting, but testified he acted in self-defense.

Defendant's evidence tended to show that he approached the car where his wife and Irlo Shoaf were standing because he wanted to talk to his wife. At this time Ernest Shaw came around the car pointing at him an object which he (defendant) thought was a pistol. Defendant then pulled his pistol from his front pocket and fired at Ernest Shaw. Irlo Shoaf then grabbed the defendant and they fell to the ground struggling. Defendant subsequently freed himself and attempted to flee at which time he was shot in the back.

The question presented by this appeal is whether this failure to instruct the jury as to defendant's right of self-defense in repelling a nonfelonious assault constituted *prejudicial* error.

Defendant relies on the recent case of *State v. Fletcher,* 268 N.C. 140, 150 S.E. 2d 54, citing with approval *State v. Anderson,* 230 N.C. 54, 51 S.E. 2d 895, to support his contention that the failure to so instruct was prejudicial. We are of the opinion defendant's reliance is misplaced.

In *Fletcher* and *Anderson,* as in the case at bar, the defendants were charged with felonious assault with a deadly weapon with intent to kill inflicting serious injuries not resulting in death. In each case the defendants appealed assigning as error the failure of the court to instruct the jury with reference to the right of the defendant

to defend himself against a nonfelonious assault. In *Fletcher* and *Anderson* the failure to so instruct was held to be prejudicial error requiring a new trial. However, in *Fletcher* and *Anderson* the jury found defendants guilty of assault with a deadly weapon, a misdemeanor assault, and thereby established that defendants had acted without intent to kill the prosecuting witnesses. As the Court stated in *Anderson*, "It is quite conceivable that a verdict of acquittal would have been returned if the jury had been properly instructed with respect to the right of an accused to defend himself again (sic) nonfelonious assaults." With this observation we agree.

However, in the case at bar the jury returned a verdict of guilty of assault with a deadly weapon *with intent to kill* inflicting serious injury not resulting in death, a felonious assault, and thereby established defendant acted *with intent to kill* the prosecuting witness, Ernest Shaw.

The jury having found defendant assaulted Ernest Shaw *with intent to kill*, the following excerpt from *Anderson* is applicable:

> "It is undoubted law that a person cannot excuse taking the life of an adversary upon the ground of self-defense unless the killing is, or reasonably appears to be, necessary to protect himself from death or great bodily harm. (Citation omitted.) The defendant has not taken human life. It is alleged in the indictment, however, that he committed a felonious assault and battery upon the prosecuting witness with a deadly weapon in an unsuccessful attempt to kill the prosecuting witness contrary to G.S. 14-32. Both authority and logic declare that the law of self-defense in cases of homicide applies also in cases of assault with intent to kill, and that an unsuccessful attempt to kill cannot be justified unless the homicide would have been excusable if death had ensued. (Citation omitted.) It follows that where an accused has inflicted wounds upon another *with intent to kill* such other, he may be absolved from criminal liability for so doing upon the principle of self-defense *only* in case he was in *actual or apparent* danger of *death* or *great bodily harm* at the hands of such other. (Citations omitted.)" (Emphasis added.)

In *State v. Plemmons*, 230 N.C. 56, 52 S.E. 2d 10, decided at the same term as *Anderson*, the Court was faced with a factual situation more directly in point with the case at bar. The defendant was charged in an indictment with assault with a deadly weapon with intent to kill inflicting serious injury not resulting in death. Defendant was found guilty of assault with a deadly weapon *with intent to kill*, inflicting serious and permanent injury not resulting in death.

Defendant appealed assigning as error, among other things, the following charge of the Court with regard to his right of self-defense:

> "If the defendant was there at his place of business and an assault was made upon him he had a right to protect himself. It does not make any difference whether it was a felonious assault or a nonfelonious assault he would have a right to protest himself and use such force as was necessary or reasonably appeared to him to be necessary under the circumstances to protect himself *from death or great bodily harm.*" (Emphasis added.)

This instruction of the court was held not to afford defendant a valid assignment of error and was therefore deemed not to be prejudicial error.

The same is true in the case at bar. Defendant was not prejudiced by the instructions of the court as to his right of self-defense. Defendant could assault Ernest Shaw *with intent to kill* only if such force was necessary or reasonably appeared to him to be necessary under the circumstances to protect himself from death or great bodily harm. Likewise, defendant could be absolved from criminal liability for the assault with intent to kill only if he acted in self-defense when he was in actual or apparent danger of suffering death or great bodily harm. Since the jury found defendant did assault Ernest Shaw *with intent to kill*, the Court's error in failing to instruct as to defendant's right of self-defense to repel a nonfelonious assault was not prejudicial to defendant and does not constitute reversible error.

With regard to the two misdemeanor charges of assault with a deadly weapon, the verdicts and sentence imposed thereon, and the charge of the Court in regard thereto, we find no error. The evidence was sufficient for the jury to find the defendant guilty of assault with a deadly weapon by pointing a pistol at Betty Barnette and assault with a deadly weapon by pointing a pistol at Irlo Shoaf. The charge of the Court is sufficient and the sentence is within the statutory limits. These verdicts and the sentence imposed thereon are affirmed.

No error in the felonious assault charge.

No error in the two misdemeanor assault charges.

BRITT and HEDRICK, JJ., concur.