STATE OF NORTH CAROLINA v. STEVE CHANEY

No. 7017SC476

(Filed 18 November 1970)

Assault and Battery §§ 8, 15— felonious assault — instruction on self-defense

> In a prosecution for assault with a deadly weapon with intent to kill inflicting serious injury not resulting in death, the trial court erred in failing to instruct the jury on defendant's right to repel a nonfelonious assault, where defendant offered evidence that he was the victim of a nonfelonious assault and where the State's evidence would support a verdict of defendant's guilt of assault with a deadly weapon without intent to kill.

ON *certiorari* to review trial before *Collier, Judge of Superior Court,* 20 January 1969 Session, ROCKINGHAM Superior Court.

Defendant was tried upon a bill of indictment, proper in form, charging him with an assault upon one David Wayne Morton with a deadly weapon with intent to kill, inflicting serious bodily injury not resulting in death.

State's evidence tended to show that on Sunday afternoon, 20 October 1968, several persons gathered at Charlie Young Creek near Mayodan in Rockingham County to "make music." There was some consumption of alcoholic beverages and there was some "music." The prosecuting witness, Morton, drove up to join the group, and, without any words or provoking conduct,

defendant struck prosecuting witness on the head and face with a "pop bottle" causing serious lacerations.

Defendant's evidence tended to show that prosecuting witness, Morton, advanced on defendant with a knife and defendant struck him with the "pop bottle" in self-defense.

The jury found defendant guilty of an assault with a deadly weapon, a misdemeanor.

We allowed *certiorari* for failure of defendant's trial attorney to perfect his appeal. Trial counsel was discharged and defendant is now represented by different counsel appointed by the trial court.

*Attorney General Morgan by Assistant Attorney General Melvin for the State.*

*Gwyn, Gwyn & Morgan, by Melzer A. Morgan, Jr., for defendant.*

BROCK, Judge.

Defendant assigns as error that the trial judge failed to instruct the jury upon defendant's right to repel a nonfelonious assault; but confined defendant's right of self-defense to repelling an assault which would likely cause death or great bodily harm. Defendant cites *State v. Fletcher*, 268 N.C. 140, 150 S.E. 2d 54; *State v. Anderson*, 230 N.C. 54, 51 S.E. 2d 895; and *State v. Barnette*, 8 N.C. App. 198, 174 S.E. 2d 82 *(certiorari* denied 277 N.C. 113) in support of this assignment of error.

The evidence that defendant acted in defense of an assault upon him by prosecuting witness with a knife could constitute evidence that defendant acted to repel a felonious assault, or that he acted to repel a nonfelonious assault.

"In the absence of an intent to kill, a person may fight in his own self-defense to protect himself from bodily injury or offensive physical contact, even though not put in actual or apparent danger of death or great bodily harm." 1 Strong, N.C. Index 2d, Assault and Battery, § 8, p. 301. The jury found defendant guilty of an assault with a deadly weapon, thereby establishing that he acted without intent to kill. Therefore, it was prejudicial error that the trial court failed to instruct the

jury upon defendant's right to repel a nonfelonious assault. *State v. Fletcher, supra; State v. Anderson, supra.*

When the evidence requires a charge of self-defense, it would be the better practice for the trial court to instruct upon defendant's right to repel a nonfelonious assault in all cases where the evidence justifies submitting the charges against defendant to the jury for a possible finding of guilty of assault without intent to kill.

For error in the charge as indicated above there must be a

New trial.

Judges MORRIS and GRAHAM concur.