STATE OF NORTH CAROLINA v. EDWARD STEVE TURNER

No. 7529SC871

(Filed 17 March 1976)

Assault and Battery § 15— assault with deadly weapon — self-defense — burden erroneously placed on defendant

    In a prosecution for assault with a deadly weapon with intent to kill, the trial court erred in placing the burden on defendant to prove self-defense.

APPEAL by defendant from *Friday, Judge.* Judgment entered 22 May 1975 in Superior Court, RUTHERFORD County. Heard in the Court of Appeals 17 February 1976.

Defendant was tried on a bill of indictment charging him with assault with a deadly weapon with intent to kill inflicting serious injury, L. C. Phillips being the alleged victim. Defendant pled not guilty.

Evidence presented by the State tended to show: On the evening in question, Phillips and Gaither Humphries went to a

poolroom operated at the time by Joel Mode and belonging to Mode's father. Defendant, a friend of Mode's, was also present. Several of the parties engaged in a poker game after which a fight broke out. Mode and defendant inflicted multiple cuts on Phillips and Humphries with knives or other sharp instruments.

Defendant's evidence tended to show: He was in the poolroom with Mode on the evening in question when Phillips and Humphries entered. Phillips, who was drinking at the time, attempted to purchase some whiskey from Mode who told Phillips that he had no whiskey. Thereupon, Phillips removed a bottle of whiskey from his pocket, began drinking, and spilled some on the pool table. Mode asked Phillips and Humphries to leave whereupon Phillips produced a pistol. With the aid of a knife, Mode attempted to defend himself from Phillips and Humphries entered the affray. Defendant attacked Humphries to keep him from hurting Mode and during their scuffle defendant and Humphries fell through a glass window. Defendant denied hurting Phillips and insisted that everything he did was to defend himself and Mode.

The jury found defendant guilty of assault with a deadly weapon inflicting serious bodily injury. From judgment imposing prison sentence, defendant appealed.

*Attorney General Edmisten, by Assistant Attorney General Charles J. Murray, for the State.*

*Donald F. Coats for defendant appellant.*

BRITT, Judge.

All of defendant's assignments of error relate to the court's instructions to the jury. One of the challenged instructions reads as follows:

Now, Members of the Jury, the burden is on the defendant to prove self-defense to the satisfaction of the Jury and to prove he used no more force than was or reasonably appeared necessary under the circumstances to protect himself from death or great bodily harm.

The court committed error in placing the burden on defendant to prove self-defense. In *State v. Fletcher*, 268 N.C. 140, 142, 150 S.E. 2d 54, 56 (1966), the court, speaking through

Justice (later Chief Justice) Bobbitt, said: " . . . In prosecutions for felonious assault and for assault with a deadly weapon, it is not incumbent on a defendant to satisfy the jury he acted in self-defense. On the contrary, the burden of proof rests on the State throughout the trial to establish beyond a reasonable doubt that defendant unlawfully assaulted the alleged victim. *S. v. Warren,* 242 N.C. 581, 89 S.E. 2d 109, and cases cited; *S. v. Sandlin,* 251 N.C. 81, 110 S.E. 2d 481; *S. v. Cloer,* 266 N.C. 672, 146 S.E. 2d 815."

Since the question of self-defense was a substantial feature of this case, we are compelled to hold that the erroneous instruction was prejudicial to defendant, entitling him to a new trial.

We find is unnecessary to discuss the other assignments of error.

New trial.

Judges HEDRICK and MARTIN concur.