STATE OF NORTH CAROLINA v. JAMES KIRBY POLK

No. 7526SC996

(Filed 5 May 1976)

1. Assault and Battery § 14— assault on police officer with firearm — sufficiency of evidence

In a prosecution for assault on a police officer with a firearm while the officer was in performance of his public duties, evidence was sufficient to be submitted to the jury where it tended to show that an officer out of uniform approached defendant and his companion in an apartment parking lot as they were letting air out of the apartment manager's car tires, the officer told the two men to stand and identified himself as a police officer, one of the men fled, the officer pointed his gun at defendant and patted him down, as the officer and defendant walked across the parking lot the officer heard something behind him and turned around, and defendant "jumped the gun" and thereafter fired two shots at the officer's head, one of which grazed his shoulder. G.S. 14-34.2.

2. Assault and Battery § 8— assault on a police officer with firearm — self-defense

In a prosecution for assault on a police officer with a firearm while the officer was in performance of his public duties, the trial court erred in refusing to instruct the jury as to self-defense.

APPEAL by defendant from Martin (Harry), Judge. Judgment entered 5 September 1975 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 18 March 1976.

The defendant, James Kirby Polk, was charged in a bill of indictment, proper in form, with the felonious assault of a police officer with a firearm while the officer was in performance of his public duties, a violation of G.S. 14-34.2. He pleaded not guilty but was found guilty of assault with a deadly weapon. From judgment imposing a twelve-month prison sentence, suspended for three years, and defendant placed on probation, he appealed.

State v. Polk

*Attorney General Edmisten by Associate Attorney Norma S. Harrell for the State.*

*Gene H. Kendall for defendant appellant.*

HEDRICK, Judge.

[1]   The defendant assigns as error the denial of his motions for judgment as of nonsuit made at the close of the State's evidence and at the close of all the evidence.

Evidence offered by the State tended to show the following: Lloyd E. Miller, a patrolman for the Charlotte Police, was in his apartment at approximately 3:00 a.m. on 22 March 1975 packing clothes for a fishing trip when he heard a noise outside "which sounded like metal hitting metal." He put on a pair of bluejeans and a T-shirt and walked outside to investigate. He carried his .22 calibre pistol, his keys, and his wallet. Once outside he noticed two men in the parking lot squatting behind a car owned by Mr. Van Johnson, the apartment manager. The defendant, who was one of the men, was at the rear of the car. The other man was at the other end of the car, separated from the defendant by the length of the automobile. Miller noticed that two of the tires on the car were flat and another was going flat. He "told the men to stand up, that he was a police officer." The defendant stood and, at the direction of Miller, put his hands on his head, but the other man fled. Miller pointed his gun at the defendant, took out his wallet, and identified himself with his identification card as being a police officer. He patted the defendant down, then told him they were going to see Johnson. When they were across the parking lot almost to the adjacent apartment building, Miller heard a noise behind him and turned around. The defendant "jumped the gun." They wrestled and went in to the bushes, "and the defendant came up with the gun." Miller told the defendant to put down the gun, that he was a police officer. The defendant told Miller he was going to blow his head off, and as they stood about three feet apart, the defendant cocked the gun and fired two shots at Miller's head. Miller ducked but one of the bullets grazed his shoulder. The defendant then fled.

Evidence for the defendant tended to show that the defendant and his wife were returning from a party at about 3:00 a.m. When they arrived home the defendant parked his car in the space assigned to him, next to Johnson's car. His wife went

directly into the apartment while the defendant delayed in order to lock his car. When he finished he heard a noise, like air seeping, and noticed that Johnson's car had a flat tire. He looked to see if the tires had been cut and heard someone say, "Hold it." As he stood and turned around he saw someone else run from the other end of the car. The defendant testified that Miller did not identify himself as a police officer, that he did not know who Miller was, and that he was scared he might be shot or robbed by Miller. He walked toward Miller with his hands on top of his head. Miller pushed the defendant around, grabbed him by the belt, and led him between two apartment buildings. When they were between the buildings, the defendant jumped Miller and twisted the gun out of his hand. He told Miller to get away, but Miller walked toward him instead. He shot twice in order to scare Miller. He again told Miller to get away or he would blow Miller's head off. Miller then left. The defendant testified further that he was familiar with guns and if he had been aiming to hit Miller, at that range, he would have hit him.

Viewing this evidence in the light most favorable to the State, it was sufficient to submit the case to the jury and to support the verdict. This assignment of error is overruled.

[2] The defendant next assigns as error the refusal of the court to instruct the jury as to self-defense on the charge of assault with a deadly weapon.

"If one is without fault in provoking, or engaging in, or continuing a difficulty with another, he is privileged by the law of self-defense to use such force against the other as is actually or reasonably necessary under the circumtances to protect himself from bodily injury or offensive physical contact at the hands of the other, even though he is not thereby put in actual or apparent danger of death or great bodily harm." *State v. Anderson,* 230 N.C. 54, 56, 51 S.E. 2d 895, 897 (1949).

At trial, the defendant's whole defense to the charge against him was that he was at all times exercising his right to defend himself against an unprovoked assault upon him by Miller. Since the assault of which the defendant stands convicted must be considered as a culmination of a single episode between Miller and the defendant, we hold the evidence here is sufficient to raise an issue as to whether it was actually or reasonably necessary for the defendant to use force to defend himself against "bodily injury or offensive physical contact."

Since the defendant must be given a new trial, it is not necessary that we discuss the other assignments of error.

New trial.

Judges MORRIS and ARNOLD concur.