STATE OF NORTH CAROLINA v. LARRY KLUTZ

No. 8126SC160

(Filed 6 October 1981)

1. **Assault and Battery § 15.6— assault with deadly weapon—instructions on self-defense**

    The trial court's instructions on self-defense in a case involving assault with a deadly weapon were proper.

2. **Assault and Battery § 15— instruction on accidental shooting not required**

    An instruction on the defense of accident was not required in this prosecution for assault with a deadly weapon inflicting serious injury where defendant relied on self-defense and there was no evidence of an accidental shooting.

APPEAL by defendant from *Sitton, Judge*. Judgment entered 2 October 1980, Superior Court, MECKLENBURG County. Heard in the Court of Appeals 31 August 1981.

Defendant was convicted of assault with a deadly weapon inflicting serious injury and appeals from the entry of a judgment

imposing a term of imprisonment. Facts necessary for decision are set out in the opinion.

*Attorney General Edmisten, by Associate Attorney Richard H. Carlton, for the State.*

*James B. Ledford for defendant appellant.*

MORRIS, Chief Judge.

Defendant contends, by his assignments of error Nos. 1 through 6, that the court erred in its instructions with respect to self-defense by failing to distinguish the situation where there is an intent to kill from the situation where there is no intent to kill. Here the element of intent to kill had been dismissed by the court on defendant's motion.

[1]  In *State v. Clay*, 297 N.C. 555, 256 S.E. 2d 176 (1979), Justice Branch, now Chief Justice, after discussing the question at some length, succinctly summarized the applicable law as follows:

> In cases involving assault with a deadly weapon, trial judges should, in the charge, instruct that the assault would be excused as being in self-defense only if the circumstances at the time the defendant acted were such as would create in the mind of a person of ordinary firmness a reasonable belief that such action was necessary to protect himself from death or great bodily harm. If the weapon used is a deadly weapon per se, no reference should be made at any point in the charge to "bodily injury or offensive physical contact." If the weapon used is not a deadly weapon per se, the trial judge should instruct the jury that if they find that defendant assaulted the victim *but do not find that he used a deadly weapon*, that assault would be excused as being in self-defense if the circumstances at the time he acted were such as would create in the mind of a person of ordinary firmness a reasonable belief that such action was necessary to protect himself from "bodily injury or offensive physical contact." In determining whether the weapon used was a deadly weapon, the jury should consider the nature of the weapon, the manner in which it was used, and the size and strength of the defendant as compared to the victim.

*Id.* at 565-66. In the case before us, the able trial judge used the exact language approved by the Court in *Clay.*

Additionally, in *State v. Anderson,* 230 N.C. 54, 51 S.E. 2d 895 (1949), relied on by defendant and from which he quotes extensively, Justice Ervin noted that the defense of self-defense arises where "one is without fault in provoking, or engaging in, or continuing a difficulty with another . . ." Here there was plenary evidence that defendant was not without fault. These assignments of error are overruled.

[2] Finally, defendant urges that the court should have instructed the jury that if defendant accidentally shot and injured the prosecuting witness, they should return a verdict of not guilty. Defendant relied on self-defense. We are unable to find evidence of accidental shooting and injury to entitle defendant to the instruction now urged. Nor did defendant request such an instruction.

In the defendant's trial we find no prejudicial error.

No error.

Judges CLARK and WELLS concur.