DILLON, Judge.
 

 *126
 
 Defendant Shekita Monlee Pender appeals from a judgment entered upon a jury's verdict finding her guilty of assault with a deadly weapon inflicting serious injury. We conclude that the trial court properly instructed the jury and that Defendant received a fair trial, free from reversible error.
 

 *688
 
 I. Background
 

 Defendant was in a physical altercation with another woman. At some point during the altercation, Defendant cut the other woman a number of times with a knife, requiring the woman to receive over one hundred (100) stitches. Defendant was indicted and tried for felony assault with a deadly weapon inflicting serious injury based on this altercation.
 

 During the trial, the jury was instructed on the crime of assault with a deadly weapon inflicting serious injury. The jury was given a generic self-defense, pattern jury instruction. However, the jury was not given the self-defense, pattern jury instruction for assaults where deadly force is used.
 

 The jury found Defendant guilty, and Defendant was sentenced in the presumptive range. Defendant gave notice of appeal in open court.
 

 II. Analysis
 

 Defendant argues that the trial court committed plain error by instructing the jury on the crime for which she was tried, assault with a deadly weapon inflicting serious injury, and that "[a] knife is a deadly weapon[,]" while only providing an instruction for self-defense specific to assaults not involving deadly force.
 

 As Defendant failed to object to the jury instructions at trial, we review for plain error.
 
 State v. Bagley
 
 ,
 
 321 N.C. 201
 
 , 211,
 
 362 S.E.2d 244
 
 , 250 (1987). "Under the plain error rule, [the] defendant must convince this Court not only that there was error, but that absent the error, the jury probably would have reached a different result."
 
 State v. Jordan
 
 ,
 
 333 N.C. 431
 
 , 440,
 
 426 S.E.2d 692
 
 , 697 (1993).
 

 In North Carolina, a defendant may be criminally excused from assaulting another if she acts in self-defense, so long as the force used to repel the attack is not excessive:
 

 If one is without fault in provoking, or engaging in, or continuing a difficulty with another, [s]he is privileged by the
 
 *127
 
 law of self-defense to use such force against the other as is actually or reasonably necessary under the circumstances to protect [her]self from bodily injury or offensive physical contact at the hands of the other, even though [s]he is not thereby put in actual or apparent danger of death or great bodily harm.
 

 State v. Anderson
 
 ,
 
 230 N.C. 54
 
 , 56,
 
 51 S.E.2d 895
 
 , 897 (1949). And while a defendant may generally employ non-deadly force to protect her from "bodily injury or offensive contact," she "may employ
 
 deadly
 
 force in self-defense
 
 only
 
 if it reasonably appears to be necessary to protect against ...
 
 great
 
 bodily injury" or "death[.]"
 
 State v. Clay
 
 ,
 
 297 N.C. 555
 
 , 562-63,
 
 256 S.E.2d 176
 
 , 182 (1979) (emphasis added).
 

 Recognizing that a defendant may only use deadly force to protect herself from great bodily injury or death, the North Carolina Pattern Jury Instructions provide two different sets of jury instructions for self-defense: Pattern Jury Instruction 308.40 and 308.45. NCPI-Criminal 308.40 provides, in pertinent part, that the use of non-deadly force is justified
 

 [i]f the circumstances, at the time the defendant acted, would cause a person of ordinary firmness to reasonably believe that such action was necessary or apparently necessary to protect that person from
 
 bodily injury
 
 or
 
 offensive physical contact
 
 [.]
 

 (Emphasis added). Whereas, NCPI-Criminal 308.45 provides, in pertinent part, that the use of deadly force is justified
 

 [i]f the circumstances would have created a reasonable belief in the mind of a person of ordinary firmness that the assault was necessary or appeared to be necessary to protect that person from
 
 imminent death
 
 or
 
 great bodily harm
 
 .
 

 (Emphasis added).
 

 When the evidence, in the light most favorable to the defendant, supports a finding she acted in self-defense, the trial court
 
 must
 
 give the appropriate self-defense instruction(s).
 
 See
 

 State v. Montague
 
 ,
 
 298 N.C. 752
 
 , 755,
 
 259 S.E.2d 899
 
 , 902 (1979) (holding that the instruction must be given where supported by the evidence);
 
 Clay
 
 ,
 
 297 N.C. at 565-66
 
 ,
 
 256 S.E.2d at 183
 
 (holding that the
 
 appropriate
 
 instruction to be given depends on whether or not the defendant used deadly force). Of course, a trial judge is never required to give a particular self-defense
 
 *689
 

 *128
 
 instruction if that instruction is not supported by the evidence.
 
 See
 

 State v. McLawhorn
 
 ,
 
 270 N.C. 622
 
 , 630,
 
 155 S.E.2d 198
 
 , 204 (1967).
 

 Therefore, a defendant is entitled to an instruction consistent with NCPI-Criminal 308.40 when it could be determined from the evidence that the defendant faced the threat of bodily injury or offensive contact
 
 and
 
 that defendant did not use deadly force or other force deemed excessive as a matter of law to repel the attack.
 
 [1]
 
 A defendant is
 
 never
 
 entitled to this instruction if the only conclusion from the evidence is that she used deadly force to repel an attack, as such use of force is excessive as a matter of law.
 
 [2]
 

 And a defendant is entitled to an instruction consistent with NCPI-Criminal 308.45 where it could be determined from the evidence that the defendant faced a reasonable threat of serious bodily harm or death
 
 and
 
 that the defendant used deadly, or lesser, force to repel the attack.
 
 [3]
 

 Thus, the relative inquiry is not whether the defendant had an intent to kill, but the nature of the underlying attack and how much force the defendant used in repelling the attack.
 
 Clay
 
 ,
 
 297 N.C. at 561
 
 ,
 
 256 S.E.2d at 181
 
 .
 
 [4]
 

 The evidence in the present case, taken in the light most favorable to the State, is certainly sufficient to sustain Defendant's conviction: Defendant and the victim were fighting. At some point, Defendant left the fight to retrieve a knife; Defendant returned, swinging the knife; Defendant struck the victim with wounds requiring over one hundred
 
 *129
 
 (100) stitches; another person was cut by the knife while trying to break up the fight; and at all times the victim was unarmed.
 

 The evidence, taken in the light most favorable to Defendant, however, showed that she acted in self-defense. Specifically, in this light, the evidence showed as follows: During a heated argument, the victim struck Defendant first. Then after a calming down period, the victim again attacked Defendant, this time by cutting Defendant's arm with a "little pocketknife." Defendant grabbed the knife from the victim and, while the victim was unarmed, "cut [the victim]." The victim continued to fight Defendant until others intervened to stop the altercation.
 

 The jury was given a self-defense instruction consistent with NCPI-Criminal 308.40, that Defendant's assault should be excused if the jury determined that Defendant faced the threat of "bodily injury or offensive physical contact" and did not use excessive force to repel the threat.
 

 On appeal, Defendant argues that since the jury could have determined that the knife was a deadly weapon, she was entitled to an instruction consistent with NCPI-Criminal 308.45, which excuses an assault by the use of a deadly weapon when faced with a threat of death or
 
 serious
 
 bodily harm. However, viewing the evidence in the light most favorable to Defendant, we conclude that the evidence was not sufficient to support a finding that Defendant reasonably apprehended death or great bodily harm when she struck the victim with the knife. Therefore, the trial court did not err in failing to give the instruction.
 

 *690
 
 Assuming
 
 arguendo
 
 that there was sufficient evidence from which the jury could conclude that Defendant reasonably feared
 
 serious
 
 bodily harm, as opposed to just fearing bodily injury or offensive contact, at the time she stabbed and cut the victim with the knife, we conclude that any error by the trial court in failing to give an instruction consistent with NCPI-Criminal 308.45 did not rise to the level of plain error. Indeed, our Supreme Court has held that such error is not prejudicial: an instruction consistent with NCPI-Criminal 308.40, even where a jury could determine that the defendant used a deadly weapon, is "more favorable than that which defendant was entitled."
 
 Clay
 
 ,
 
 297 N.C. at 565
 
 ,
 
 256 S.E.2d at 183
 
 . Based on the instruction actually given, assuming the other requirements of self-defense were met, the jury was free to excuse Defendant's assault even if they found the knife to be a deadly weapon by making a mere finding that Defendant feared bodily injury, a much lower threshold than serious bodily harm or death.
 
 Id
 
 . ;
 
 see also
 

 State v. Loftin
 
 ,
 
 322 N.C. 375
 
 , 381,
 
 368 S.E.2d 613
 
 , 617 (1988) (concluding that a trial judge's "jury instruction concerning self-defense" did not amount to plain error
 
 *130
 
 whereby it provided the jury with "a vehicle by which to acquit defendant that it would not otherwise have had.").
 
 [5]
 

 III. Conclusion
 

 It was not plain error for the trial court to instruct the jury on the crime of assault with a deadly weapon inflicting serious injury and on self-defense of assaults not involving deadly force.
 

 NO ERROR.
 

 Judges INMAN and HAMPSON concur.
 

 [1]
 

 Clay
 
 ,
 
 297 N.C. at 566
 
 ,
 
 256 S.E.2d at 183
 
 (stating that if the weapon used by the defendant is not a deadly weapon per se, "the trial judge should instruct the jury that if they find that defendant assaulted the victim
 
 but do not find that he used a deadly weapon
 
 , that assault would be excused as being in self-defense if [the defendant reasonably feared] bodily injury or offensive physical contact.").
 

 [2]
 

 Clay
 
 ,
 
 297 N.C. at 566
 
 ,
 
 256 S.E.2d at 183
 
 (stating that "[i]f the weapon used is a deadly weapon per se, no reference should be made at any point in the charge to 'bodily injury or offensive physical contact.' ").
 

 [3]
 

 Clay
 
 ,
 
 297 N.C. at 565-66
 
 ,
 
 256 S.E.2d at 183
 
 (stating that "[i]n cases involving assault with a deadly weapon, trial judges should, in the charge, instruct that the assault would be excused [if the defendant reasonably believed the assault] was necessary to protect [herself] from death or great bodily harm.").
 

 [4]
 

 Our Supreme Court has found jury instructions erroneous when the trial court combined and conflated the concepts of "death or great bodily harm" and "bodily injury or offensive physical contact."
 
 Clay
 
 ,
 
 297 N.C. at 561
 
 ,
 
 256 S.E.2d at
 
 181 ;
 
 accord
 

 State v. Fletcher
 
 ,
 
 268 N.C. 140
 
 , 142,
 
 150 S.E.2d 54
 
 , 56 (1966) (holding a jury instruction regarding self-defense prejudicial because it improperly placed the burden on the defendant to show that he acted in self-defense of death or great bodily harm).
 

 [5]
 

 We acknowledge the State's argument concerning "invited error." At the charging conference, both Defendant and the State encouraged the trial court to use NCPI-Criminal 308.40. As such, the State argues that any error in not also giving NCPI-Criminal 308.45 was invited error, pursuant to Section 15A-1443(c) of our General Statutes. N.C. Gen. Stat. § 15A-1443(c) (2018). However, our Supreme Court has held that it is the duty of the trial court to give a specific self-defense instruction "where competent evidence of self-defense is presented at trial," regardless of "any specific request by the defendant."
 
 State v. Morgan
 
 ,
 
 315 N.C. 626
 
 , 643,
 
 340 S.E.2d 84
 
 , 95 (1986). Thus, if the evidence supported a NCPI-Criminal 308.45 instruction, the trial court was required to give it, notwithstanding that Defendant did not ask for it.